**INTERNATIONAL DEHYDRATED FOODS, INC., Plaintiff–Respondent,**

v.

**BOATRIGHT TRUCKING INCORPORATED, Defendant–Appellant.**

**No. 17824.**

Missouri Court of Appeals, Southern District.

Feb. 18, 1992.

**518**

James M. Kelly, Republic, for defendant-appellant.

John R. Lightner, Dorr, Baird & Lightner, P.C., Springfield, for plaintiff-respondent.

PARRISH, Judge.

International Dehydrated Foods, Inc. (plaintiff) filed this action in the Associate Circuit Judge Division of the Circuit Court of Greene County. Boatright Trucking Incorporated (defendant) filed a counterclaim. The parties entered into a stipulation that "there [would] be no trial de novo, and direct appeal [would] be to the appellate courts." Following trial, without a jury, and entry of judgment, defendant filed a timely application for trial de novo. Plaintiff filed a motion to dismiss the application for trial de novo. The trial court granted

the motion. This court reverses and remands.

This case is submitted on an "Agreed Statement as Record on Appeal" pursuant to Rule 81.13. The facts that follow are taken from that statement.

Plaintiff sought damages in the action it filed in the associate circuit judge division of the circuit court in an amount less than $5,000. Defendant's counterclaim, likewise, sought damages less than $5,000. The trial court granted relief to both plaintiff and defendant. It entered judgment for plaintiff in the sum of $3,901.60. That amount represented "judgment ... for $4,692.00 less the offset [defendant's counterclaim] of $790.40."

Prior to the commencement of trial, the parties told the trial judge, an associate circuit judge, "that even though the amount in controversy was less than $5,000.00, the parties had agreed the case was to be heard on the record, that there would be no trial de novo, and that any appeal would be to the appellate courts of this state." The trial judge arranged for a magnetic tape recording device to be set up and used to record the trial proceedings. See § 478.072.1.[1] He then proceeded to hear the case. At the start of the trial, the judge stated:

> The parties have announced that even though the amount may be less than $5,000.00 that's in dispute, that this case will be heard on the record and there will be no trial de novo, and direct appeal will be to the appellate courts. Is that stipulated?

Plaintiff's lawyer answered, "That is, your honor," and defendant's lawyer answered, "Yes sir."

Following trial defendant filed an application for trial de novo. The presiding circuit judge assigned the case to another associate circuit judge to be heard in accordance with rules of procedure applicable in proceedings before circuit judges. § 478.240.2, RSMo Supp.1990; Rule 41.-01(a)(3). The assigned judge granted plain-

---

**1.** References to statutes are to RSMo 1986 unless stated otherwise.

tiff's motion to dismiss defendant's application for trial de novo.

Defendant presents one point on appeal. Defendant contends the trial court erred "in dismissing [the] Application for Trial de Novo ... pursuant to the provision of § 512.180, RSMo, and the trial court had no discretion or authority to dismiss the same." Among the authorities upon which defendant relies are § 512.180 and *Tittsworth v. Chaffin*, 741 S.W.2d 314 (Mo.App. 1987).

Section 512.180 states:

1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than an associate circuit judge sitting in the probate division or who has been assigned to hear the case on the record under procedures applicable before circuit judges, shall have the right of a trial de novo in all cases where the petition claims damages not to exceed five thousand dollars.

2. In all other contested civil cases tried with or without a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges or in any misdemeanor case or county ordinance violation case a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court. At the discretion of the judge, but in compliance with the rules of the supreme court, the record may be a stenographic record or one made by the utilization of electronic, magnetic, or mechanical sound or video recording devices.

The associate circuit judge who initially heard the case had not been assigned by the presiding judge of the circuit "to hear the case on the record under procedures applicable before circuit judges."

The facts in *Tittsworth v. Chaffin, supra*, are similar to those in this case. *Tittsworth* involved a civil action pending in the Associate Circuit Judge Division of the Circuit Court of Taney County. There was less than $5,000 in dispute. The defendant in that case had filed an application

for the case to be heard "under the practice and procedure applicable in cases before circuit judges." 741 S.W.2d at 315. The associate circuit judge before whom the case was pending purportedly granted the application. No order was entered by the presiding circuit judge requiring the case to be heard pursuant to rules and procedures applicable in cases tried by circuit judges. Following disposition of the case before the associate circuit judge, a timely application for trial de novo was filed. The case file was transmitted to the circuit clerk. Thereafter, a motion to dismiss was filed and granted by the circuit judge before whom the case was then pending. On appeal, this court determined that the record on appeal did not reflect that the presiding judge had entered "an order of special assignment" directing rules and procedures applicable before circuit judges to apply. It held:

Consequently, plaintiff's remedy was to file an application for trial de novo. The circuit judge's order dismissing the timely filed application for trial de novo was erroneous.

741 S.W.2d at 316.

Another case that dealt with this issue is *Plaza Point Investments, Inc. v. Dunnaway*, 637 S.W.2d 303 (Mo.App.1982). In that case, at l.c. 305, the court stated:

The right of appeal is purely statutory. *Dillen v. Remley*, 327 S.W.2d 931 (Mo. App.1959); *State ex rel. Blackwell v. Elrod*, 604 S.W.2d 768 (Mo.App.1980). The only right of appeal direct to this court from an associate circuit court appears in Section 512.180–2 [RSMo 1978] which provides as follows: "In any case tried with a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges a record shall be kept and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court...." The circumstances of the present case do not comply with those requirements. Where those requirements are not met, no ap-

**520**

peal will lie. *State v. Fender,* 600 S.W.2d 683 (Mo.App.1980).

Although some statutes applicable in *Tittsworth* and *Plaza Point Investments* have been repealed or amended and either do not appear or appear differently in subsequent revisions of the statutes, the statutes and rules presently in effect reach the same result. *See* § 512.180, quoted *supra. See also* § 517.011.1(1), RSMo Supp.1990.

 Plaintiff argues, however, that defendant waived its right to file an application for trial de novo by the terms of the stipulation; that the stipulation was that "there will be no trial de novo." Plaintiff correctly states that "[a] stipulation is 'controlling and conclusive, and courts are bound to enforce them,'" citing *Pierson v. Allen,* 409 S.W.2d 127, 130 (Mo.1966). Other aspects of *Pierson,* however, are equally compelling. Quoting from *Landers v. Smith,* 379 S.W.2d 884, 888 (Mo.App.1964), the court, in *Pierson,* pointed out, "'A stipulation should be interpreted in view of the result which the parties were attempting to accomplish....'" In *Pierson,* the court determined that the respondent had emphasized only one part of the stipulation "and avoids giving meaning to the entire stipulation." 409 S.W.2d at 131.

The observation in *Pierson v. Allen, supra,* at 131, is apropos here. In urging that the stipulation made at the commencement of the trial in this case is a waiver of the right to a trial de novo, plaintiff avoids giving meaning to the entire stipulation. *Id.* The result that the parties sought in entering into the stipulation was to avoid the necessity of two trials in the event an appeal was taken. Rather than proceeding to a trial de novo—a second trial—and then possibly seeking review in the appellate court, the parties stipulated that they would have a verbatim record made of the initial trial and, if appeal was taken, that it would be taken directly to the appellate court on the basis of the record. As previously discussed, in view of the fact that the right of appeal is strictly statutory and there are no statutes that permitted the procedures that were attempted by the parties, they were unsuccessful in their at-

tempt to go directly to the appellate court. That failing did not, however, destroy defendant's right to a trial de novo. The stipulation was not intended to be, nor was it, a waiver of the right to appeal.

Defendant's allegation of trial court error is well-taken. The order dismissing the case is erroneous. That order is reversed and the case is remanded for trial de novo.

PREWITT, P.J., and CROW, J., concur.