CITY OF KANSAS CITY, MISSOURI (Respondent),

v.

David FASENMEYER (Appellant).

No. WD 50487.

Missouri Court of Appeals, Western District.

Aug. 29, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1995.

---

Dale Meyer, Kansas City, for appellant.

Michael E. Dailey, Asst. Pros. Atty., Kansas City, for respondent.

Before FENNER, C.J., P.J., and KENNEDY and LAURA DENVIR STITH, JJ.

FENNER, Chief Judge.

David T. Fasenmeyer appeals from his conviction for stealing in violation of Kansas City, Mo.Rev.Ordinance, ch. 26, sec. 50. Fasenmeyer contends on appeal that the trial court erred in failing to sustain his Motion to Dismiss for Lack of Jurisdiction because: (1) the Kansas City Municipal Division did not have original jurisdiction over the underlying action brought pursuant to municipal ordinance 26.50, due to the 1978 amendment of Art. V, § 27 of the Missouri Constitution which abolished the Kansas City Municipal Court and replaced it with the Kansas City Municipal Division; and (2) the Municipal

Division did not have original jurisdiction based on Art. V, § 27.16 of the Missouri Constitution.

The judgment of the trial court is affirmed.

On April 25, 1994, Fasenmeyer was charged with stealing a purse and $34.00 in violation of Kansas City, Mo.Rev.Ordinance, ch. 26, sec. 50 ("Ord. 26.50"). On June 29, 1994, Fasenmeyer was tried and found guilty of stealing in the Kansas City Municipal Division 204. Fasenmeyer timely perfected an application for a trial de novo to the Circuit Court of Jackson County, Missouri.

On September 2, 1994, Fasenmeyer filed a Motion to Dismiss for Lack of Jurisdiction contending that the Municipal Division lacked original jurisdiction over violations of Ord. 26.50. For this reason, the circuit court lacked derivative jurisdiction. The circuit court denied Fasenmeyer's motion.

On September 7 and 8, 1994, Fasenmeyer was tried de novo before a jury. He was found guilty of stealing in violation of Ord. 26.50, and sentenced to six-months imprisonment and fined $250.00.

On September 21, 1994, Fasenmeyer filed a Motion for a New Trial again contending that the Municipal Division lacked jurisdiction. The circuit court overruled his motion on December 12, 1994. This appeal followed.

In his first point, Fasenmeyer contends that the circuit court erred in denying his Motion to Dismiss for Lack of Jurisdiction because the Kansas City Municipal Division did not have original jurisdiction over the underlying action brought pursuant to Ord. 26.50. Fasenmeyer contends that the Municipal Division's original jurisdiction was abolished by the amendment of Art. V, § 27 of the Missouri Constitution in 1978.

Art. V, § 27 of the Missouri Constitution was amended effective January 2, 1979. Pursuant to this amendment certain municipal courts ceased to exist and were replaced by municipal divisions of the circuit courts. See Mo. Const. Art. V, § 27.2. This amendment abolished the Kansas City Municipal Court and replaced it with the Kansas City Municipal Division.

■ Fasenmeyer contends that the new Municipal Division does not have original jurisdiction over any municipal ordinances in existence prior to the effective date of the amendment to Art. V, § 27. Rather, the Kansas City City Council was required to pass an ordinance conferring original jurisdiction on the Municipal Division or to reenact all previously existing municipal ordinances. Fasenmeyer contends that because the Kansas City City Council never took such action, the Municipal Division does not have original jurisdiction. For this reason, Division 4 of the Jackson County Circuit Court also does not have derivative jurisdiction.

■ Review is under the standard established by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The trial court's decision must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.

The Missouri Supreme Court addressed the power of the legislature to abolish a court and transfer the jurisdiction of that court to another in *Randol v. Kline's, Inc.*, 322 Mo. 746, 18 S.W.2d 500 (Mo.1929). In that case, Randol was arrested in Kansas City, Missouri, and tried before the police court. The 1908 Charter of Kansas City was in effect at the time of Randol's trial. It provided that her appeal "shall be to the Criminal Court of Jackson County." *Id.*, 18 S.W.2d at 508. In accordance with this, on June 28, 1923, Randol perfected her appeal to the criminal court of Jackson County. The criminal court of Jackson County, however, was abolished by the Missouri legislature effective January, 1923, as follows:

On the first Monday of January, 1923, the criminal court of Jackson county and the office of judges and clerk thereof shall be abolished, and all jurisdiction and powers then vested in said court or the judges thereof shall be transferred to, vested in, and thereafter exercised by the circuit court of the 16th judicial circuit ...

*Id. (citing* The Laws of 1921). Because of this, Randol's appeal was sent to and lodged in the criminal division of the circuit court of Jackson County.

Kline's, Inc. argued on appeal that the circuit court did not have jurisdiction over Randol's appeal because the Kansas City Charter only allowed an appeal to the criminal court. The Missouri Supreme Court rejected this argument holding that the circuit court had jurisdiction over Randol's appeal. In so holding, the court explained that the "criminal court of Jackson county was a creature of the state, not of Kansas City. Therefore the state could abolish it, which it did." *Id.* However, when the criminal court of Jackson County was abolished, "the state, as was done in this instance, had the right and power to confer and vest its jurisdiction in a competent court." *Id.* Thus, while the criminal court was abolished, the legislature had the power to and did vest the jurisdiction of that court in the circuit court. *Id.*

Similarly, in this case the state had the power to and did abolish the Municipal Court. However, at the same time that the State abolished the Municipal Court it transferred the jurisdiction of that court to the new Municipal Division. Under Art. V, § 27(2)(d), the jurisdiction of the abolished municipal court was transferred to the circuit court, which was made a division of the circuit court, as follows:

> The jurisdiction of municipal courts shall be transferred to the circuit court of the circuit in which such municipality or major geographical area thereof shall be located and, such courts shall become divisions of the circuit court. When such courts cease to exist, all records, papers and files shall be transferred to the circuit court which may designate the place where such records may be maintained.

Mo. Const. Art. V, § 27.2(d).

Further evidence that the jurisdiction of the Municipal Court was transferred to the new Municipal Division is found in Chapter 479, Municipal Courts, which was enacted at the same time that Art. V, § 27, was amended. Section 479.010, RSMo 1986,[1] entitled "Violation of municipal ordinances, jurisdiction", provides that "[v]iolations of municipal ordinances shall be tried only before divisions of the circuit court as hereinafter provided in this chapter." Section 479.020 fur-

ther provides that the municipal judges "shall have original jurisdiction to hear and determine all violations against the ordinances of the municipality." Therefore, the Missouri legislature had the power to and clearly did transfer the original jurisdiction of the Municipal Court over violations of Kansas City ordinances to the newly created Municipal Division. No further action on the part of the Kansas City City Council was required.

 Fasenmeyer nevertheless contends that the amendment to Art. V, § 27, abolished Ord. 26.50 and that the Kansas City City Council was required to re-enact the ordinance. Fasenmeyer bases this contention on the language of Art. V, § 27.18 which provides that:

> All rights, claims, causes of action and obligations existing and all contracts, prosecutions, recognizance and other instruments executed or entered into and all indictments, informations, and complaints which shall have been filed and all actions which shall have been instituted and all fines, penalties and forfeitures assessed, due or owing prior to the effective date of this article shall continue to be as valid as if this article had not been adopted.

Fasenmeyer contends that because § 27.18 does not list city ordinances as something that will continue to be valid after the effective date of the amendment, all such ordinances are impliedly abolished.

Initially, it should be noted that Art. V, § 27, does not specifically state that all city ordinances in effect as of its effective date are thereby repealed. "[R]epeal by implication is not favored by the law." *In re Additional Magistrates for St. Louis County*, 580 S.W.2d 288, 299 (Mo. banc 1979) (citations omitted).

In addition, Art. V, § 27, contains a provision which specifically preserves any existing laws that are not inconsistent with it, such as Ord. 26.50. Art. V, § 27.20, states that "[e]xcept to the extent inconsistent with the provisions of this article, all provisions of law and rules of court in force on the effective date of

---

**1.** All sectional references are to RSMo 1986 un- less otherwise indicated.

this amendment shall continue in effect until superseded in a manner authorized by the constitution or by law." Unlike § 27.18 which applies to existing claims, § 27.20 specifically applies to existing laws such as Ord. 26.50. Ord. 26.50 is not inconsistent with Art. V, § 27, and by the terms of Art. V, § 27.20, was not abolished by the amendments thereto.

Lastly, well-established rules of statutory construction provide that the "[c]ourts must give effect to statutes as they are written, and presume that the legislature intended a logical result, not an absurd or unreasonable result." *State ex rel. Lebeau v. Kelly,* 697 S.W.2d 312, 315 (Mo.App.1985). To accept Fasenmeyer's contention would require this Court to hold that all municipal ordinances which were enacted prior to the amendment of Art. V, § 27, in 1978 were abolished by it and are thus invalid. Such a result would be an absurd and unreasonable interpretation of Art. V, § 27, which contains an explicit provision saving all such laws.

■ Fasenmeyer also contends that municipalities were required to re-enact their local ordinances within 90 days pursuant to § 476.016, the implementing legislation for Art. V, § 27. Pursuant to § 476.016, municipalities were given a ninety-day period to take certain actions, as follows:

> Municipalities may adopt ordinances and take other actions that may be needed so that the provisions for municipal judges contained in chapter 479, RSMo, may become operational on January 2, 1979, should a municipality determine to make provision for a municipal judge or judges.

§ 476.016.5(1).

As the language of this section clearly states, § 476.016 provided a time frame in which municipalities *may* take certain measures set forth under chapter 479 to constitute their courts. *See Kelly,* 697 S.W.2d at 314. Chapter 479 does not contain any provision which requires municipalities to confer original jurisdiction upon the new municipal divisions. Rather, as explained above, Chapter 479 specifically confers original jurisdiction over municipal ordinances on these new courts. *See* §§ 479.010, 479.020.

■ Moreover, Kansas City was not required to take any action in order to constitute its new court under Chapter 479. Both parties conceded that Kansas City has a population of more than 400,000. Section 479.030.3 states that "[e]ach judge of a municipal court in a city with a population of over four hundred thousand who is in office on January 1, 1979, and who was a full time judge, shall become a municipal judge for that city without action being required on the part of the city ..." (emphasis added). Therefore, Kansas City was not required to take any action in order to constitute its Municipal Division. Point I is denied.

■ In his second point, Fasenmeyer relies upon Art. V, § 27.16, to support his contention that the Municipal Division lacked original jurisdiction over the underlying action. Section 27.16 provides that "[a] municipal corporation with a population of under four hundred thousand shall have the right to enforce its ordinances and to conduct prosecutions before an associate circuit judge in the absence of a municipal judge...." Fasenmeyer contends that because § 27.16 excludes municipalities of more than 400,000, including Kansas City, such municipalities do not have the right to enforce their ordinances in the absence of a "municipal division of the circuit court that has been legislatively authorized to take original jurisdiction of a municipal ordinance." As explained above, the Kansas City Municipal Division has been legislatively authorized to have original jurisdiction over violations of municipal ordinances. *See* Art. V, § 27.2(d); §§ 479.010, 479.020, 479.030.3. Point II is denied.

The judgment of the trial court is affirmed.

All concur.