**CITY OF STRAFFORD, Plaintiff–
Respondent,**

v.

**Max CROXDALE, Defendant–
Appellant.**

No. SD 28746.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 12, 2008.

Rehearing Denied Dec. 2, 2008.

Application for Transfer Denied
Jan. 27, 2009.

Charles B. Cowherd, Springfield, MO, for Appellant.

James M. Kelly, Republic, MO, for Respondent.

DON E. BURRELL, Presiding Judge.

Max G. Croxdale ("Croxdale") appeals from a judgment finding him guilty of violating an ordinance of the City of Strafford ("the City") that requires its residents

to connect to the City's sanitary sewer system. Croxdale asserts two points of error: 1) the trial court erroneously interpreted the law when it concluded that a "proper sanitary sewer" under the applicable city ordinance meant only the City's publicly owned treatment works ("POTW"); and 2) the term "proper sanitary sewer" also includes a "private waste[1] treatment facility" and the City did not prove beyond a reasonable doubt that Croxdale's existing septic tank system did not qualify as such a facility. Finding no merit in either of these contentions, we affirm the judgment.

## I.  Facts and Procedural Background

On March 3, 2006, Croxdale was issued a citation for "failure to connect to public treatment works," an alleged violation of the City's ordinance numbered 705.170 ("City Code Section 705.170"). The citation required him to appear in the City's "municipal court." Croxdale appeared in that court with counsel, entered a plea of not guilty, and requested a jury trial. Because Croxdale had requested a trial by jury, the municipal judge "sent" the case to "associate circuit court." The City and Croxdale thereafter appeared before Greene County Associate Circuit Judge Mark Powell and he set the matter for a jury trial.[2] The parties later agreed to waive a trial by jury. Judge Powell did not send the case back to the municipal judge when the jury waiver occurred and it remained set before him for a bench trial.

Three days after the parties agreed to waive trial by jury, they appeared before Judge Powell to try the case and the following exchange took place on the record:

[Croxdale's Counsel]: Your Honor, we have on behalf of the Defendant, agreed to waive a jury trial in this matter this morning with the understanding that this matter will be heard on the record. It's not going to be subject to de novo appeal. And we understand that you will remain as the Judge. That's one of our stipulations is that we go ahead and try it in front of you this morning so those are the agreements we've reached.

[The Court]: I've agreed to do that and not kick it back to the Municipal Court of Strafford so [sic].

[City's Counsel]: That's Plaintiff's understanding of the agreement. We agree to that as well, Judge.

The parties then proceeded to try the case on the record before Judge Powell.

After the City rested, Croxdale's Motion for Acquittal at the Close of Plaintiff's Evidence was denied and he then presented evidence on his own behalf. That evidence consisted of a witness who testified that he had constructed Croxdale's existing septic tank system and that there was nothing about his installation that was "sub-par." At the conclusion of all of the evidence, Judge Powell took the case and Croxdale's then proffered Motion for Acquittal at the Close of all Evidence under advisement. On August 2, 2007, Judge Powell entered his Findings of Fact, Conclusions of Law and Judgment which overruled Croxdale's motion for judgment of acquittal at the close of all evidence and found him guilty beyond a reasonable doubt of violating City Code Section 705.170. Judge Powell thereafter sen-

---

1.  The trial court used the term "wastewater" when referring to the ordinance governing private treatment facilities as that is the term used in the title of that particular ordinance. However, we will use the term "waste" as that is the term used in the actual body of the ordinance.

2.  The City of Strafford is located within Greene County.

tenced Croxdale to pay a $150.00 fine plus court costs. Croxdale now appeals that judgment and sentence.

## II. Standard of Review

■ "The law in Missouri considers violations of municipal ordinances to be civil matters, but requires courts to apply the criminal standard of proof beyond a reasonable doubt because of the quasi-criminal aspects involved." *City of Ash Grove v. Christian,* 949 S.W.2d 259, 261 (Mo.App. S.D.1971). We review the trial court's decision under the standards set forth in *Murphy v. Carron,* 536 S.W.2d 30 (Mo.1976); we must affirm the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32. We review the correct interpretation of a city ordinance de novo and "apply the same rules that are used in interpreting a state statute." *BBCB, LLC v. City of Independence,* 201 S.W.3d 520, 527 (Mo.App. W.D. 2006) (citations omitted). *See also Finnegan v. Old Republic Title Co.,* 246 S.W.3d 928, 930 (Mo.2008).

## III. Analysis

### A. Right to Direct Appeal

The first issue to be addressed is the City's claim that this Court lacks "jurisdiction" to hear this appeal and that it should for that reason be dismissed.[3] In support of its contention, the City directs us to Rule 37.61 and Section 479.200.2.[4] Rule 37.61 states that after the case has been assigned to a "judge" for jury trial, "[i]f the defendant files a written motion so requesting and attaches thereto a waiver

of the right to a jury trial, the case *may* be remanded to the municipal division for trial." Rule 37.61(f) (emphasis added).

Section 479.200 provides, in pertinent part:

2. In any case tried before a municipal judge who is licensed to practice law in this state or before an associate circuit judge, except where there has been a plea of guilty or the case has been tried with a jury, the defendant shall have a right of trial de novo before a circuit judge or upon assignment before an associate circuit judge. An application for a trial de novo shall be filed within ten days after judgment and shall be filed in such form and perfected in such manner as provided by supreme court rule.

3. In any case tried with a jury before an associate circuit judge a record shall be made and appeals may be had upon that record to the appropriate appellate court.

The City argues Croxdale's failure to request a trial de novo before a circuit judge within ten days of the associate circuit judge's entry of judgment deprived this Court of appellate "jurisdiction" over the matter.

■ The right to appeal is available only if granted by statute. *State ex rel Coca–Cola Co. v. Nixon,* 249 S.W.3d 855, 859 (Mo. banc 2008). The City correctly cites our holding in *Int'l Dehydrated Foods, Inc. v. Boatright Trucking, Inc.,* 824 S.W.2d 517 (Mo.App. S.D.1992), as support for the proposition that parties do not have the ability to create the right to a direct appeal that would otherwise not exist by agreeing to waive their statutorily granted remedy of a trial de novo. *Id.* at 520.

---

3. This claim is made both in Croxdale's previously filed Motion to Dismiss and as Point III of his brief

4. Unless otherwise indicated, all references to Rules are to Missouri Court Rules (2008) and all references to statutes are to Missouri Revised Statutes (2000).

*Boatright,* however, involved a civil petition that did not claim damages exceeding $5,000; not the alleged violation of a municipal ordinance. As such, the case fell squarely within subsection 1 of Section 512.180 which at that time stated:

> 1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than [exceptions not applicable], shall have the right of a trial de novo in all cases where the petition claims damages not to exceed five thousand dollars.

Section 512.180.1 was amended in 2004 and now reads:

> 1. Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge, other than [exceptions not applicable here], shall have the right of a trial de novo in all cases tried before municipal court.... [5]

512.180, RSMo Cum.Supp.2006.

Subsection 2 of that statute then states, in pertinent part, that:

> 2. In all other contested civil cases tried with or without a jury before an associate circuit judge or on assignment under such procedures applicable before circuit judges *or in any misdemeanor*

case or county ordinance violation case a record shall be kept, and any person aggrieved by a judgment rendered in any such case may have an appeal upon that record to the appropriate appellate court.

*Id.* (emphasis added) Section 512.180.2 is the statute Croxdale claims supports his right to a direct appeal of the judgment and sentence entered by Associate Circuit Judge Powell.

■■■ The issue is ultimately determined not by section 479.200.2 or section 512.180.2, but by section 479.200.3. Before arriving at that final destination, we first take judicial notice of the fact that the City of Strafford is a fourth-class city [6] and therefore look to section 479.130 which states that "[a]ny person charged with the violation of a municipal ordinance of a city of the third or fourth class shall be entitled to a trial by jury, *as in prosecutions for misdemeanors before an associate circuit judge.*" (emphasis added). Once Croxdale made his initial demand for a trial by jury, this statute became applicable and determined that all further proceedings in the case would be governed by the rules of criminal procedure applicable to misdemeanor prosecutions.[7] When Croxdale

---

5. Although the case at bar was initially *filed* in the municipal division, it was never actually *tried* in that division and therefore does not fall within the category of cases governed by this particular subdivision. We also pause to note that these statutory references to various types of "courts" still persist even though our Missouri Constitution was amended in 1976 to abolish what were then separate and distinct trial courts—*e.g.,* probate court, magistrate court, juvenile court, etc.—and create instead one "circuit court" with various divisions thereof. Though there no longer remains an actual "municipal court," we presume the legislature intended to refer to the municipal division of the appropriate circuit court and will interpret the statute in that light. *See City of Kansas City v. Fasenmeyer,* 907 S.W.2d 195, 198–99 (Mo.App. W.D.1995).

6. The City incorporated as a fourth-class city in 1968 pursuant to section 79.010 which allows such an incorporating city to sue and be sued in its own name and concludes with the statement that "all courts of this state shall take judicial notice thereof."

7. "All jury trials shall proceed in the manner provided for the trial of a misdemeanor by the rules of criminal procedure." Rule 37.61(e). Under Rule 37.61(f), Croxdale could have chosen to attach a written waiver of right to jury trial to a motion requesting that his case be remanded to the municipal division for trial, but that is not what happened here. If the associate circuit judge had granted such a motion, the case would have then been tried before the municipal judge without a record

thereafter waived his previously claimed right to a jury trial, the criminal procedure rule relating to waivers of jury in misdemeanor cases applied. That rule states that "[t]he defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, *whose findings shall have the force and effect of the verdict of a jury*" Rule 27.01(b) (emphasis added). When Croxdale waived his right to a jury trial after the case had been transferred from the municipal to the associate circuit division, Rule 27.01(b) gave that associate circuit judge's eventual findings and judgment the same force and effect as a jury verdict. One such effect was that the resulting judgment could be directly appealed to this Court pursuant to section 479.200.3 which states that "[i]n any case tried with a jury before an associate circuit judge a record shall be made and appeals may be had upon that record to the appropriate appellate court." *Id.*

■ Because under the particular facts of this case—where a jury-waived municipal ordinance case is not remanded for trial before a municipal judge but is tried by agreement of the parties before an associate circuit judge on the record—there is a right to a direct appeal pursuant to section 479.200.3, the City's Motion to Dismiss (and its Point III) is denied and

we will proceed to an analysis of Croxdale's points of alleged error.

### B. Septic Tank System as "Private Waste Treatment Facility"

While Croxdale brings two separate points on appeal, they both rely on the proposition that his existing septic tank system qualifies as a private waste treatment facility under City Code Section 705.110 and that any resident connected to such a facility is exempt from the requirements of City Code Section 705.170.[8] City Code Section 705.170 provides in pertinent part that:

A. The owner of all houses, buildings or properties used for human occupancy, employment, recreation or other purpose, situated in the City or in any area where there is an availability of sewers in a jurisdiction with which the City has an interjurisdictional sewage treatment agreement and abutting on any street, alley or right-of-way in which there is now located or may in the future be located a sanitary sewer of the City, is hereby required, at his/her expense, to install suitable toilet facilities therein and to connect such facilities directly with the proper sanitary sewer in accordance with the provisions of this Chapter within ninety (90) days after sewer service is available, provided such sanitary sewer is within two hundred (200)

and the only remedy available to a non-prevailing party would have been a trial de novo. One of the rationales behind granting a trial de novo—as opposed to a direct appeal—from "municipal court" trials is that "[a direct appeal] could not effectively [be provided] as long as the municipal court is not a court of record because there is no transcript of the testimony for use in appellate review." *Kansas City v. Henderson*, 468 S.W.2d 48, 50 (Mo.1971).

8. The initial portion of Croxdale's first point states that the trial court erroneously "con-

cluded that a 'proper sanitary sewer' under [section] 705.170 meant only the City's publicly owned treatment works...." To the contrary, the trial court's findings and judgment first notes that the term "proper sanitary sewer" is not defined in the City's code. Instead of attempting to create such a definition, the trial court simply found that the POTW could not be *any* type of "sanitary sewer" because the City code defines "sanitary sewer" as something that transports domestic or industrial waste *to* the POTW.

feet, measured along a street, alley or easement, of the property line. If there is no sanitary sewer within two hundred (200) feet of the property line, the owner may request permission of the City to construct and maintain an adequate septic tank installation until such time as a sanitary sewer is made available.[9]

STRAFFORD, MO., MUNICIPAL CODE SECTION 705.170 (2006).[10]

The section Croxdale relies on as an exemption to the requirements of this ordinance is found in City Code Section 705.110 which states, in pertinent part, as follows:

B.  In lieu of introducing untreated or partially treated wastewater into the POTW, the owner of the premises producing such waste may construct and operate, at his/her expense, private waste treatment facilities with the effluent discharged to the waters of the State, provided:

1.  The design and operation of such facilities shall continuously produce an effluent which is in compliance with standards that may be imposed by the Director and the State.

2.  Construction drawings, specifications and other pertinent information relating to such proposed treatment facilities shall be prepared by the owner, at his/her expenses, and shall be submitted to the Director and the State.  Construction shall be in accordance with such approved plans and shall not commence until such approvals are obtained in writing, appropri-

ate permits are obtained and charges or fees are paid.

STRAFFORD, MO., MUNICIPAL CODE SECTION 705.110 (2006).

The first issue that must be confronted in dealing with Croxdale's exemption claim is the parties' disagreement as to which of them bore the burden of producing evidence on the issue.  Croxdale claims the City was required to show during its case-in-chief that such an exemption did *not* exist.  The City's position is that Croxdale's claim to an exemption from the requirements of City Code Section 705.170 amounted to an affirmative defense that Croxdale was required to raise by proving facts that would invoke the exemption.

▆▆▆  The City's position on this matter is the correct one.  "Where a statute or ordinance defines and creates and [sic] offense and contains a proviso exempting a class therein from its operation, it is not necessary for the prosecution to negative the proviso.  The applicability of the exemption contained in the proviso is an affirmative defense, and the burden of proving facts which will invoke the exemption contained in the proviso is upon the party accused."  *City of Brentwood v. Nalley*, 208 S.W.2d 838, 840 (Mo.App. E.D. 1948).  *See also Kansas City v. Wilhoit*, 237 S.W.2d 919, 922 (Mo.App. W.D.1951) (stating that when the accused relies as a matter of defense on an exception in a municipal ordinance the burden is on the accused to prove that he is within the exception or exemption unless the exception or exemption is part of the enacting clause or its terms are part of the descrip-

9.  Croxdale does not challenge the City's contention that the conditions of this section are met in his case; he simply claims he is entitled to an exemption from them under City Code Section 705.110.

10.  The two ordinances at issue indicate they were passed on 2–7–05.  The City's Clerk certified that they were the ordinances "in full force and effect on and after March 3, 2006, the date of the alleged violation."  The trial court took judicial notice of the ordinances pursuant to section 479.250.

tion of the offense). The City did not have to prove as a part of its case-in-chief that Croxdale did not meet the requirements of City Code Section 705.110. It was up to Croxdale to present evidence indicating his eligibility for the exemption claimed. The provisions of City Code Section 705.110 are in a separate and distinct section from the ordinance Croxdale was charged with violating and he therefore had the burden of producing evidence that his septic tank system fell within the provisions of the exemption he claimed. He produced no such evidence.

■ In this case, there is substantial evidence to support the trial court's conclusion that the City proved beyond a reasonable doubt that Croxdale violated City Code Section 705.170 by not connecting his domestic waste output to a "proper sanitary sewer" within the time allowed. In its Conclusions of Law, the trial court recognized that Croxdale was "permitted to construct and use, in accordance with State regulations, private wastewater treatment facilities," but concluded that Croxdale's septic tank system did not meet the requirements set forth in City Code Section 705.110 for a private waste treatment facility and he was therefore not exempt from the requirements of City Code Section 705.170. The trial court did not err in so finding as Croxdale failed to present any evidence to support his contention that his septic tank system met the requirements of City Code Section 705.110.

Croxdale's points of alleged error are denied and the judgment is affirmed.

LYNCH, C.J., and RAHMEYER, J., Concur.