Dear Former Representative Jones:
This opinion is replacing the original Opinion No. 8 that was issued June 23, 2010. You asked whether § 57.955, RSMo, [1]
relating to the Sheriffs' Retirement System, requires a municipality[2] to collect a $3 surcharge for municipal ordinance violations and remit the *Page 2 
surcharge to the System. We are providing this revised opinion after taking into consideration matters raised by the Office of the State Courts Administrator. Although the question is a very close one, we adhere to our original conclusion.
Section 57.955, RSMo, provides as follows:
 1. There shall be assessed and collected a surcharge of three dollars in all civil actions filed in the courts of this state and in all criminal cases including violation of any county ordinance or any violation of criminal or traffic laws of this state, including infractions, but no such surcharge shall be assessed when the costs are waived or are to be paid by the state, county or municipality or when a criminal proceeding or the defendant has been dismissed by the court. For purposes of this section, the term "county ordinance" shall not include any ordinance of the city of St. Louis.[3] The clerk responsible for collecting court costs in civil and criminal cases, shall collect and disburse such amounts as provided by sections 488.010 to 488.020, RSMo. Such funds shall be payable to the sheriffs' retirement fund. Moneys credited to the sheriffs' retirement fund shall be used only for the purposes provided for in sections 57.949 to 57.997 and for no other purpose.
 2. The board may accept gifts, donations, grants and bequests from public or private sources to the sheriffs' retirement fund. *Page 3 
Under this statute, the clerks of all courts "of this state" are required to collect the $3 surcharge and send it to the sheriffs' retirement fund.[4] The first question, therefore, is whether a municipal court is a court "of this state."[5]
The judicial power "of the state" of Missouri is "vested in a supreme court, a court of appeals . . . and circuit courts." Art. V, § 1, Mo. Const. Thus, circuit courts are courts of the state. The circuit courts "have original jurisdiction over all cases and matters, civil and criminal." Art. V, § 14, Mo. Const. Each circuit court "may have such municipal judges as provided by law" who "shall hear and determine violations of municipal ordinances." Art. V, § 23, Mo. Const. But if a municipality of under 400,000 persons has not been provided with a municipal judge, an associate circuit judge "shall hear and determine violations of municipal ordinances" in that municipality." All municipal courts are "divisions of the circuit court." Art. V, § 27.2(d), Mo. Const.;see also § 479.010, RSMo Cum. Supp. 2009 (violations of municipal ordinances shall be heard and determined only before divisions of the circuit court); § 479.020.5, RSMo Cum. Supp. 2009 (municipal judges are divisions of the circuit court); City of Springfield v. Belt, No. SC90324 (Mo. banc March 2, 2010), slip op. at 5-7.
Because circuit courts are courts "of the state," and because municipal courts are merely divisions within the circuit courts, it would seem clear that municipal courts are also courts "of the state." However, in Turner v. State,245 S.W.3d 826, 828 (Mo. banc 2008), the Supreme Court of Missouri examined a criminal statute, § 577.023, RSMo, that concerned using prior drunken driving offenses to enhance the punishment for new drunken driving offenses. The Court held that, in that statute, the term "state court" did not include municipal courts.Id. The Court did not explain why municipal courts were not state courts. Id.
In a subsequent case, State v. Severe,2010 WL 97997, *3, note 6 (Mo. banc Jan. 12, 2010), the Court acknowledged in a footnote that municipal courts are divisions of the circuit court. See City of Springfield v. Belt, No. SC90324 (Mo. banc March 2, 2010), slip op. at 5, note 6 (municipal courts are divisions of the circuit court). The Court stopped short of recognizing that municipal courts must therefore necessarily be state courts. See State v. Severe, 2010 WL 97997, *3, note 6 (Mo. banc 2010). Instead, the Court said that the "common understanding" is that the term "state court" does not include municipal courts, *Page 4 
without giving any support for this claim, and said the legislature is expected to only use common understanding when writing laws.Id; see § 1.090, RSMo.
Any "common understanding" that "state court" does not include municipal court could be based on the state of the judiciary before the 1976 amendments to the Missouri Constitution.
 The 1976 amendments to the judicial article create a three tier court system consisting of the Supreme Court, Courts of Appeals, and the Circuit Courts. Probate, magistrate and municipal courts are abolished as separate entities and incorporated into the circuit system as divisions of the circuit courts.
Gregory v. Corrigan, 685 S.W.2d 840, 842 (Mo. banc 1985). Since 1976, municipal courts have been divisions of the circuit courts, and are therefore state courts.
Further, using the "common understanding" of a term in interpreting a statute is only allowed when the term itself is undefined in the law. StopAquila. org v. City of Peculiar,208 S.W.3d 895, 902 (Mo. banc 2006) ("When a term is undefined, the Court looks to its plain and ordinary meaning as found in the dictionary."). Because the Missouri Constitution itself makes municipal courts "divisions of the circuit court," no "common understanding" of the term "state court" can be used to circumvent this designation.
In neither Turner nor Severe did the Supreme Court of Missouri address the definitional question. That may be because in each, the court was interpreting a criminal statute, and applying the rule of lenity to interpret what the court saw as conflicting laws.[6] State v. Severe, 2010 WL 97997 at *2. Because § 57.955, RSMo, is a civil statute, the *Page 5 
rule of lenity does not apply. United Pharmacal Co. of Mo.,Inc. v. Mo. Bd. of Pharmacy, 208 S.W.3d 907, 913 (Mo. banc 2006) (rule of lenity applies only in interpreting criminal statutes and civil statutes with penal consequences). Turner andSevere are distinguishable on that basis. Accordingly, the provisions of the Missouri constitution control, and municipal courts are included in the term "courts of the state," as used in § 57.955, RSMo.
Section 57.955, RSMo, requires the court clerk to collect the $3 surcharge "in all civil actions filed in the courts of this state," the only exception being "when the costs are waived or are to be paid by the state, county or municipality." § 57.955.1, RSMo. Having determined that, for purposes of § 57.955, RSMo, municipal courts are "courts of the state," it follows that the court clerk must collect the $3 surcharge in civil cases filed in municipal court.
This conclusion is confirmed by the historical development of the statute. The original version required the collection of the fee in all civil cases "filed in each circuit court and the divisions thereof, except the juvenile divisions. . . ." § 57.955, RSMo Cum. Supp. 1983. Because municipal courts are divisions of the circuit court, the fee was required in municipal cases under that statute.
The following year this statute was amended to require the collection of the fee in all civil cases "filed in each circuit court and the divisions thereof, except the municipal and juvenile divisions. . . ." § 57.955, RSMo Cum. Supp. 1984. This changed the law so that the municipal court division of the circuit court was exempted from collecting the fee.
Finally, in 1996, the statute was amended to read as is does today, requiring collection of the fee "in all civil actions filed in the courts of this state. . . ." § 57.955, RSMo Cum. Supp. 1996. This change eliminated the exceptions for juvenile and municipal courts. For the change to have any meaning, municipal court divisions must now be required to collect the fee.S.S. v. Mitchell, 289 S.W.3d 797, 799 (Mo. App. E.D. 2009) (in interpreting statutes, courts "presume that the legislature intended an amendment to have some effect").
Therefore, the historical development of the statute confirms that municipal courts are "courts of the state," and the fee is required to be collected in cases before these courts. The next phrase in § 57.955, RSMo, requires that the $3 surcharge also be collected "in all criminal cases including violation of any county ordinance or any violation of criminal or traffic laws of this state, including infractions." On its face, this part of the statute requires court clerks to collect the $3 surcharge in criminal cases — though the fee is never collected where the criminal proceeding is dismissed, or the defendant is dismissed by the court, or the costs are waived or paid by the government. § 57.955, RSMo.
But even though violations of municipal ordinances can result in confinement, the law in Missouri is that violations of municipal ordinances are civil matters. State ex rel. Estill v. *Page 6 Iannone, 687 S.W.2d 172, 174, note 3 (Mo. banc 1985); City ofKansas City v. Heather, 273 S.W.3d 592, 595 (Mo. App. W.D. 2009);City of Strafford v. Croxdale,272 S.W.3d 401, 404 (Mo. App. S.D. 2008); City of Univ. City v.MAJ Invest. Corp., 884 S.W.2d 306, 307 (Mo. App. E.D. 1994). Due to the "quasi-criminal" nature of municipal ordinance violations, municipal ordinances are interpreted strictly against the municipality, the municipality must prove the case beyond a reasonable doubt, and municipal courts are required to apply rules of criminal procedure to the cases. City ofStrafford v. Croxdale, 272 S.W.3d at 404; City of KansasCity v. Heather, 273 S.W.3d at 595. But, "a prosecution for the violation of a municipal ordinance is [still] a civil action . . . resembling a criminal action in its effects and consequences."City of Webster Groves v. Erickson,789 S.W.2d 824, 826 (Mo. App. E.D. 1990), quotation marks omitted. Accordingly, cases involving violations of municipal ordinances are not criminal matters, and the references in § 57.955, RSMo, regarding collection of the $3 surcharge in criminal cases and exceptions, do not apply to municipalities.
The common law rule is that "all statutes concerning costs shall be construed strictly." Gordons v. Maupin,10 Mo. 352, 1847 WL 3697, *1 (Mo. 1847). In this context, a "cost" is a "pecuniary allowance, made to the successful party (and recoverable from the losing party), for his expenses in prosecuting or defending an action." In re C.M.C.,173 S.W.3d 695, 699 (Mo.App. W.D. 2005). "Strict construction of a statute requires that the scope of the statute not be extended beyond its literal meaning and that the statute not be unreasonably interpreted." Snyder v. Consolidated Library Dist. No. 3,306 S.W.3d 133, 137 (Mo.App. W.D. 2010). Applying strict construction "does not require that the court ignore either common sense or evident statutory purpose." Irvin v. Bd. of Probation andParole, 34 S.W.3d at 205. "Where a statute's terms are plain, it makes no difference "whether liberal or strict construction principles are applied." Snyder v. Consolidated LibraryDist. No. 3, 306 S.W.3d at 137.
This "strictly construed" standard of review is not always applied in cost recovery cases. See, e.g., Reed v. City ofSpringfield, 841 S.W.2d 283, 284-86 (Mo.App. S.D. 1992). Nor is it always applied when interpreting statutes exempting parties from paying fees and court costs, In re G.F.,276 S.W.3d 327, 328-29 (Mo.App. E.D. 2009), or when interpreting statutes involving paying fees to the court, Deever v.Karsch Sons, Inc., 144 S.W.3d 370, 372-73 (Mo.App. S.D. 2004).
The present issue regarding the $3 surcharge for the Sheriffs' Retirement Fund is not a "cost recoverable from the losing party," but is a surcharge collected by the court clerk. Therefore, although statutes concerning costs are strictly construed, and although court costs include surcharges such as the one at issue here, Reed v.City of Springfield, 841 S.W.2d at 285, there is some indication that courts would apply general principles of statutory construction in interpreting this statute, rather than strict scrutiny. But even though strictly construing this statute makes this a close and difficult question, giving *Page 7 
every phrase in the statute its plain meaning, reading the statute as a whole, and considering its history, this office concludes that § 57.955, RSMo, does require that the $3 surcharge be collected in municipal cases.
The final question is whether collection of the surcharge conflicts with § 479.260, RSMo. This section allows for the collection of certain fees and costs for municipal ordinance violations. Id. The section provides that certain fees may be set according to the provisions of §§ 488.010-.020, RSMo, and that costs may be assessed if the defendant is found guilty.Id. The statute provides that the "fees" are in addition to certain costs, but "in lieu of other court costs." Id. The statute further provides that, "[a]ny other court costs required in connection with such cases" shall be collected as provided in certain statutes. Id. No case has interpreted this statute.
A prior version of § 479.260, RSMo, set a specific fee for municipal court cases, included the same language about the fees being in lieu of other courts costs, and did not include the language about other required court costs. § 479.260, RSMo 1978. Two Attorney General Opinions address whether the language making the set fee "in lieu of other court costs" precludes the municipal court from collecting other surcharges. In Attorney General Opinion 159-1980, the opinion reached the conclusion that it was permissible for a municipal court to impose a $2 fee for peace officer training, in addition to the fee authorized by § 479.260, RSMo. The opinion reasoned that the statutes for the $2 peace officer training fee and § 479.260, RSMo, were passed in the same legislative session, and the legislative intent appeared to be to allow the $2 fee for peace officer training in addition to the limits imposed in § 479.260, RSMo.
In contrast, Attorney General Opinion 54-1984, addressed the $3 surcharge for the Sheriff's Retirement System, and reached the opposite conclusion. The opinion concluded that municipal courts are courts of the state, but also concluded that § 479.260, RSMo, precluded the collection of that surcharge. Id.
Because § 479.260, RSMo, was revised, and now includes language providing for the collection of "other court costs," it seems clear that the legislative intent in § 479.260, RSMo, is not to preclude the collection of other surcharges authorized by statute. Rather, the intent is to put municipal court fees on the same scale as all other court fees in the state. The section requires that municipalities that use the fee schedule in §§ 488.010-.020, RSMo, assess only those fees in the schedule for those cases-municipalities cannot essentially double the fees by using the fee schedule and then adding on their own fees for specific types of cases. That § 488.024, RSMo, in the same chapter, specifically references § 57.955, RSMo, (the $3 fee for the sheriffs' retirement system), and requires the collection of that surcharge, shows that these other types of fees are not excluded from collection when municipalities use the fee schedule. Because the statutes have been amended, the conclusion in Attorney General Opinion 54-1984 does not apply in this situation. *Page 8 
 CONCLUSION
Municipal courts are "courts of the state." All municipal ordinance violation actions are civil proceedings. Therefore, under § 57.955, RSMo, municipal court clerks must collect the $3 surcharge in municipal ordinance violation cases unless the costs are waived or must be paid by the municipality.
 Very truly yours,
 _________________ CHRIS KOSTER Attorney General
[1] All statutory citations are to RSMo 2000, unless otherwise noted.
[2] There is some question whether the term "municipality" includes only cities, or may also include counties. For example, § 66.010, RSMo, distinguishes between "county municipal courts" and "municipal courts," and distinguishes between "county ordinances" and "municipal ordinances." Section 66.010, RSMo, allows charter counties to punish violations of county ordinances in the circuit court or a county municipal court, and allows a county municipal court to hear cases involving violations of county ordinances and cases involving violations of municipal ordinances. Another statute distinguishes counties from municipalities, defining municipalities as "any city, incorporated town or village in the state." § 349.010, RSMo. Supreme Court Rule 110.04(a)(17), defines a "municipal ordinance" as "an ordinance duly adopted by any city, town, village or county of the state." (emphasis added). Because the issue presented only regards an interpretation of § 57.955, RSMo, which statute treats counties as separate from municipalities, this opinion also treats counties as separate from municipalities.
[3] Unlike municipal ordinances, which are always civil, county ordinances can be criminal violations. See, e.g., Doyle v.Crane, 200 S.W.3d 581, 583 (Mo. App. W.D. 2006) (violation of county ordinance was class A misdemeanor); Rose v. Bd. ofZoning Adjustment Platte County,68 S.W.3d 507, 516-17 (Mo. App. W.D. 2001) (prior jury acquittal in county ordinance violation was a criminal proceeding; later ordinance violation could have resulted in misdemeanor conviction); § 64.295, RSMo, (violations of certain county orders or regulations are misdemeanors). St. Louis is both a city and a county. State ex rel. Twenty-Second Judicial Circuit v.Jones, 823 S.W.2d 471, 473 (Mo. banc 1992) ("The City of St. Louis is recognized as both a city and a county. Mo. Const. Art. VI, § 31."). The reference to St. Louis City in § 57.955, RSMo, seems to be intended to insure that all St. Louis ordinances are treated as city (municipal) ordinances, so this the exception in the statute regarding not collecting the fee in certain criminal proceedings would never apply to St. Louis.
[4] The question asks if the "municipality" is required to collect the surcharge. The statute says that the court clerk is the one required to collect it.
[5] We do not address the constitutionality of collecting this surcharge at all. See Harrison v. Monroe County,716 S.W.2d 263, 267, 270 (Mo. banc 1986) (Welliver, J., concurring).
[6] The ambiguity the Court found may have only existed because of a unique complexity in the statutory language. In one phrase, the statute specifically declared that DWI convictions in municipal court counted as prior convictions. § 573.023.14, RSMo. This was necessary because these "convictions" are technically civil.City of Strafford v. Croxdale,272 S.W.3d 401, 404 (Mo. App. S.D. 2008). The next phrase provides that even if a finding of guilt does not result in a sentence or incarceration, it counts as a conviction. § 573.023.14, RSMo. Having just explained that municipal court cases count as convictions, and knowing that municipal courts are state courts, the legislature used the umbrella term "state court" in the second phrase to make sure all these types of no-incarceration cases counted as prior convictions. Thus, an accurate understanding of the nature of municipal courts shows that there was no conflict between the two phrases used in the statute, and nothing to construe.