CITY OF DEXTER, Plaintiff–
Respondent,

v.

Billy McCLAIN, Defendant–Appellant.

No. SD 30937.

Missouri Court of Appeals,
Southern District,
Division Two.

July 29, 2011.

Billy McClain, Dexter, MO, Acting pro se.

Yewell Gene Lawrence, Jr., Dexter, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Billy McClain ("Appellant") owned a vacant lot in Dexter, Missouri; he was convicted of a violation of the City of Dexter Code Section 215.200 for letting the weeds and grass on his lot grow too tall and fined $100.00 plus court costs. He appeals that conviction and claims that "the prosecution failed to prove all the elements of the offense, the conviction was not supported by the evidence, was against the weight of the evidence, and there was no substantial evidence to support [it]" because there was no evidence that Appellant violated the City code.

Appellant argues that City's Code Section 215.200 states in pertinent part:

It shall be unlawful for any owner, lessee or occupant or any agent, servant, representative or employee of any such owner, lessee or occupant having control of any occupied lot or land or any part thereof in the City or for any owner, lessee or occupant or any agent, servant, representative or employee of any such owner, lessee or occupant having control of any unoccupied lot or land or any part thereof in the City which is surrounded on three (3) or more sides by occupied land to permit or maintain on any such lot or land or on or along the sidewalk, street or alley adjacent to the same between the property line and the curb any growth of weeds, grass and poisonous or harmful vegetation to a greater height than twelve (12) inches on the average or any accumulation of dead weeds, grass or brush[.]

Appellant highlighted in his brief "surrounded on three (3) or more sides by occupied land" and "on the average." Apparently, he is arguing that his lot is unoccupied but is not surrounded on three or more sides by occupied land and that the grass is not greater than twelve inches on the average. As to his first contention that his lot is not surrounded by three or more occupied lots, Appellant claims to have introduced pictures of the lot, an affidavit supporting the fact that the adjacent property to the North of Appellant's lot was unoccupied on April 20, 2010 (the date of the violation), and an affidavit that no one lives in the shop building adjacent to the west of Appellant's lot. One problem with his contention is that the transcript is unclear whether Appellant left either affidavit with the trial court at trial.[1] Appellant did attach the shop building affidavit to his motion for reconsideration, and the motion for reconsideration is part of the legal file. Appellant mentioned the vacant home affidavit at trial, but it is not part of the legal file and we cannot discern what it states. Even if we treated Appellant's statement of facts to properly include the evidence contained in the affidavit, Appellant cannot prevail.

## Standard of Review

In Missouri, violations of municipal ordinances are civil matters but, because of the quasi-criminal nature of an ordinance, are subject to the criminal standard of proof beyond a reasonable doubt. *City of Strafford v. Croxdale*, 272 S.W.3d 401, 404 (Mo.App. S.D.2008). We review the trial court's decision in a court-tried, civil matter (including violations of municipal ordinances) under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Id.*[2] Under the *Murphy*

1. Appellant represented himself at trial and is representing himself in this appeal. Appellant was never placed under oath as a witness at trial, but made multiple statements of fact to the trial court and appears to have left a photograph or photographs and possibly a warranty deed with the trial court. The City of Dexter did not object to Appellant's statements of fact or exhibits, and the trial court appears to have considered Appellant's statements of fact and exhibits as evidence though Appellant was not under oath and the exhibits do not appear to have been formally admitted into evidence. The legal file contains two photographs labeled "defendant E.X. 1" and "defendants E.X. 2." We assume these photographs are the photographs Appellant left with the trial court. In view of the trial court's actions, we treat Appellant's statements of fact during the trial and the referenced photographs as evidence for purposes of this appeal.

2. In his brief, Appellant indicates the standard of review in this case should be the standard of review for a challenge to the sufficiency of the evidence in a criminal case (i.e., "sufficient evidence from which the Trier of fact could have reasonably found guilt"). Missouri's other two appellate courts, at least on occasion, do apply the standard of review suggested by Appellant to review of court-tried violations of municipal ordinances. *See*

standard, we must affirm the trial court's decision unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32.

A judgment is supported by substantial evidence when there is evidence from which the trier of fact can reasonably find all facts necessary to sustain the judgment. *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo.App. S.D.2010). In determining whether there is substantial evidence, we view the evidence and reasonable inferences from the evidence in the light most favorable to the judgment, and we disregard all evidence and inferences contrary to the judgment and defer to the trial court's credibility determinations. *Id.*

■ A judgment should be set aside as "against the weight of the evidence" only with caution and only when the reviewing court has a firm belief that the judgment is wrong. *Murphy*, 536 S.W.2d at 32; *Houston*, 317 S.W.3d at 186. Weight of the evidence refers to "weight" in probative value and not quantity or amount. Weight of the evidence is determined by the evidence's effect in inducing belief in the proposition at issue when viewed in the context of all the evidence, and not by mathematics. *Houston*, 317 S.W.3d at 186.

Thus, an against-the-weight-of-the-evidence challenge presupposes the threshold issue of the existence of substantial evidence supporting a proposition necessary to sustain a judgment, but, nevertheless, challenges the probative value of that evidence to induce belief in that proposition when viewed in the context of the entirety of the evidence before

the trier of fact. Although consideration of probative value necessarily involves some consideration of evidence contrary to the judgment, we nevertheless defer to the trial court as the finder of fact in our determination as to whether that judgment is against the weight of the evidence. Accordingly, where the resolution of conflicting testimony is required to determine the merits of an against-the-weight-of-the-evidence argument, we defer to the trial court's credibility determinations in the same manner as in the resolution of a not-supported-by-substantial-evidence argument.

*Id.* (internal citations and quotations omitted).

■ A trial court's interpretation of a municipal ordinance is reviewed *de novo*, and, in doing so, we use the same rules that are used in interpreting a state statute. *City of Strafford*, 272 S.W.3d at 404.

### Analysis

At trial, the following evidence was undisputed. Appellant's vacant lot is bordered on the east by Elm Street, on the west by an alley, on the south by a lot containing a home in which one or more persons were living on April 20, 2010, and on the north by a lot containing a home that was vacant on April 20, 2010. In addition, immediately east of Appellant's vacant lot across Elm Street were two lots each containing a home in which one or more persons was living on April 20, 2010.

There is a dispute about the status of the lot immediately west of Appellant's vacant lot across the alley. Jeff Jarrell, code enforcement and humane officer for

*City of Kansas City v. Heather*, 273 S.W.3d 592, 595 (Mo.App. W.D.2009), and *City of University City v. MAJ Investment Corp.*, 884 S.W.2d 306, 307 (Mo.App. E.D.1994); *but see*

*City of Bellefontaine Neighbors v. Scatizzi*, 302 S.W.3d 730, 732 (Mo.App. E.D.2010) (applies *Murphy* standard of review to a court-tried violation of a municipal ordinance).

the City of Dexter, testified the property across the alley was "occupied." Appellant stated the building across the alley "that I showed you the pictures of, that's not occupied. That's a shop building where they work on cars. No one lives there."

A review of the pictures and the affidavits does not unassailably convince us that no evidence supports the judgment. The pictures are ambiguous as are the affidavits. The argument appears to rest upon the definition of "occupied land."

*Appellant's Vacant Lot Was "Surrounded On Three (3) or More Sides by Occupied Land"*

■■ Though Appellant never clearly states in his brief what he believes "occupied land" means, implicit in his argument is an assumption that "occupied land" as used in the ordinance at issue means land on which one or more persons are living. One meaning of "occupy" is "to be a resident or tenant of; dwell in." *Webster's Unabridged Dictionary* 1340 (2nd ed.2001). We do not believe this is the meaning intended in the ordinance at issue. Another meaning ascribed by Webster's Unabridged Dictionary to "occupy" is "to take or fill up (space, time, etc.)." *Id.* We believe this meaning is the meaning intended in the ordinance at issue, and

that "occupied land" means land that contains, or is "taken or filled up" with, one or more structures. We also believe that a structure adequate to make the land "occupied" at least would include a building held for residential or for business purposes. That is the only way the ordinance makes sense. To find otherwise would allow an owner of a vacant lot surrounded on two or more sides by businesses and the other sides by homes to let his vacant lot grow wild, but restrict the condition of a vacant lot surrounded by a business on only one side and homes on the other three sides.

■ In other words, we believe "occupied land" in the ordinance at issue means land occupied by one or more structures and *not* land occupied by one or more persons who are living on the land.[3] We also believe that "surrounded" allows for the inclusion of city streets, alleys, and other rights of way in the area that is surrounded. Otherwise, every owner of (1) a vacant lot like Appellant's that is bordered on one side by a street and on the opposite side by an alley, street or other city right of way, and (2) a vacant corner lot in the City of Dexter would not be subjected to the ordinance because the lot physically could not be surrounded by "occupied land" on more than two sides.[4]

---

**3.** *Cf. Binger v. City of Independence,* 588 S.W.2d 481, 488 (Mo. banc 1979). Though the meaning of the phrase "occupied land" was not at issue in *Binger,* the opinion indicates that the City of Independence viewed "occupied land" as including land containing industrial and commercial plants for zoning purposes.

**4.** The interpretation portion of our review has been particularly handicapped by the City of Dexter's failure to submit a brief. The City was not required to file a brief, but without one we must adjudicate Appellant's claim of error without the benefit of whatever argument the City might have presented. *Turner v. Missouri Dept. of Conservation,*

2011 WL 2749557 (Mo.App. S.D. July 15, 2011). Appellant did not refer us to any judicial authority interpreting "occupied land" or "surrounded" in the ordinance at issue or in similar ordinances or statutes, and we were unable to locate any relevant judicial authority in our own research. We would have appreciated the City of Dexter's point of view and assistance in identifying relevant authority. An appellate court should not be asked or expected to decide an appeal without the benefit of every party's point of view and authority. *See City of Montgomery v. Christian,* 144 S.W.3d 338, 340 (Mo.App. E.D.2004); *see also Rogers v. Hester ex rel. Mills,* 334 S.W.3d 528, 539 (Mo.App. S.D. 2010).

Under our interpretation of "occupied land" and "surrounded" in the ordinance at issue, it is clear that there was substantial evidence to support the trial court's conclusion that Appellant's vacant lot was "surrounded" on three or more sides by "occupied land." Appellant's vacant lot was surrounded on the south by the residence in which one or more persons were living on April 20, 2010, on the east by the residences across Elm Street in which one or more persons were living on April 20, 2010, on the west across the alley by the "shop building where they work on cars", and even on the north by the home that was vacant on April 20, 2010, because that home was held for residential purposes on April 20, 2010, even though it was not being lived in currently. The trial court's conclusion also was not against the weight of the evidence, and was not a misapplication of the ordinance.

Appellant also disputes that the evidence established "any growth of weeds [and] grass" on his lot that exceeded the height of "twelve (12) inches on the average." The evidence on this issue consisted solely of Mr. Jarrell's testimony and two photographs Mr. Jarrell took of Appellant's vacant lot on April 20, 2010. Mr. Jarrell testified "[t]he grass was about knee high, which is over 12 inches. The neighbors was [sic] complaining about it," and answered "[y]es, sir" to the question "[i] your opinion, did the grass and the weeds that you observed exceed the 12–inch requirement of the City?" On cross examination, Mr. Jarrell acknowledged that he did not measure the grass with a measuring tape. The court which viewed Mr. Jarrell's photographs apparently found weeds and grass that appear to exceed 12 inches on average in height.

Appellant's argument fails to understand our standard of review. We must view all of the evidence in the light most favorable

to the trial court's decision. *Houston*, 317 S.W.3d at 183. The trial court's conclusion that Appellant violated the ordinance at issue is supported by substantial evidence, and is not against the weight of the evidence. Appellant's point is denied.

The trial court's judgment is affirmed.

BATES and FRANCIS, JJ., concur.