GILBERT A. WATERMAN, Appellant, v. CHICAGO BRIDGE & IRON WORKS.
—41 S. W. (2d) 575.

Division One, July 28, 1931.

*P. W. Bennett* and *Roy Hamlin* for appellant.

692

*Mahan, Mahan & Fuller* for respondent.

HYDE, C.—This proceeding was commenced by appellant filing with the Missouri Workmen's Compensation Commission, on October 15, 1929, a claim for compensation based upon an injury to his arm while he was employed by respondent, in Ralls County. The injury occurred when his wrench slipped and caused him to strike his left elbow against a steel tank on which he was working. It was admitted that appellant sustained an accidental injury, arising out of and in the course of his employment by respondent, resulting in disability; that the employer and employee were operating under the Compensation Act; that the employee's average weekly wages were $22.40; and that the employer had paid the employee $179.16 on account of this injury. Appellant, however, claimed that the injury caused partial permanent disability, while respondent contended that the disability was only temporary.

A hearing was had on December 12, 1929, before a referee. At the conclusion of the hearing it was agreed by both parties that appellant was to go to St. Louis and be examined by a doctor selected by the Commission. This was done and the report of this doctor was that the injury did not cause permanent disability. The referee made an award on January 9, 1930, to appellant for temporary disability of $14.93 for 22⅗ weeks, with an additional amount for medical aid, subject to a credit of the amount paid by respondent. Thereafter, appellant applied for review before the entire Commission. His application does not appear in the abstract. The Commission made a final award. All that appears in the abstract of the record as to the final award is the following:

"On February 6, 1930, the full Commission made the final award on hearing: 'On review, award dated January 9, 1930, is hereby modified by finding that the insurer is entitled to credit for the amount of compensation which they have paid to the employee, instead of the amount of $179.16 and as so modified, is affirmed by the full Commission,' which final award was signed by all three members of the Commission."

Appellant thereafter appealed to the Circuit Court of Ralls County upon the statutory grounds for appeal stated in his notice as follows:

"(a)  The Commission acted without or in excess of its powers.

"(b)  That the award was procured by fraud.

"(c)  That the facts found by the Commission do not support the award.

"(d)     That there was not sufficient competent evidence in the record to warrant the making of the award."

In the circuit court appellant filed what he called an amended motion for jury trial and trial *de novo*, in which he set up the facts above stated as to the employment, injury and wages of appellant, the proceedings and issues before the Workmen's Compensation Commission, and hearing before the referee and his award, the application for review, and the final award by the entire Commission. Appellant's motion then stated:

"Among other things in the final award is stated; 'Submitted on Review January 15, 1930.   The above parties having submitted their disagreement or claim for compensation for the above accident to the undersigned members of the Missouri Workmen's Compensation Commission and after hearing the parties at issue, their representatives, witnesses and evidence, the undersigned find and award compensation for said accident in favor of the above employee and against the above employer and insurer as provided in the Missouri Workmen's Compensation Act, as follows:

"For Medical Aid ........................ the sum of $2.00.

"For temporary total disability the sum of $14.93 per week for 22⁶⁄₇ weeks.

"Petitioner further states that the above statement appearing in the final award rendered February 6, 1930, by the members of the Missouri Workmen's Compensation Commission is false, erroneous, fraudulently made and is not true in that the employee was not heard at the final review of this case by the Missouri Workmen's Compensation Commission, nor was he given the right or privilege to be heard or introduce any evidence at the final review, nor was he given any notice of the date on which the final review of this case would take place before the Missouri Workmen's Compensation Commission."

The motion then set up that appeal had been taken to the Circuit Court of Ralls County, and asked that trial there be had by jury. It alleged that the Workmen's Compensation Act deprived appellant of his constitutional rights of a trial by jury, and that part of the Workmen's Compensation Act applicable to appeals to the circuit court is unconstitutional.   This motion was overruled.   The record then states:

"Employee offered to prove by competent testimony that the final award of the Workmen's Compensation Commission was procured by fraud."   Respondent's objection on the ground that the Act provides that no evidence shall be introduced was sustained by the circuit court.   Appellant then offered to prove that his injury is a permanent disability, and that since the award he has been operated upon three times.   He also offered to prove that the Workmen's

Compensation Commission did not notify appellant of the time and place of the hearing on review and did not permit him to have his counsel or witnesses present. Respondent's objection on the ground that the statute does not give the court jurisdiction to hear any evidence was sustained. No witnesses appear to have been produced or sworn or formal offer of proof made. The case was then submitted to the court upon the files, records, transcript of evidence and proceedings of the Workmen's Compensation Commission and the court entered judgment affirming the final award of the Compensation Commission. Appellant's motions for a new trial and in arrest of judgment were overruled and an appeal granted to this court.

Appellant contends that the Workmen's Compensation Act, and especially Section 44 thereof in regard to appeals, is unconstitutional because it is in violation of Section 28, Article II, Article III, and Sections 1, 22 and 23 of Article VI of the Constitution of Missouri. These contentions have been thoroughly considered and overruled by this court in DeMay v. Liberty Foundry Co., 327 Mo. 495, 37 S. W. (2d) 640. Following this decision, we find against these contentions of appellant.

Appellant also contends that the Workmen's Compensation Act and Section 44 thereof is unconstitutional because it is in violation of paragraphs 17 and 32, Section 53 of Article IV, of the Constitution of Missouri. This section prohibits the General Assembly from passing any local or special laws concerning the matters set out in the thirty-three paragraphs thereof. If a law effects equally all persons who come within its operation, it cannot be local or special within the meaning of the Constitution. [State ex rel. v. Buckner, 272 S. W. 940; State ex rel. v. Fort, 210 Mo. 512, 109 S. W. 737; State ex rel. v. Etchman, 189 Mo. 648, 88 S. W. 643; State ex rel. v. Yancy, 123 Mo. 391, 27 S. W. 380; State ex rel. v. Hughes, 104 Mo. 459, 16 S. W. 489.]

The Workmen's Compensation Act applies to all employers and all employees in the State who have elected to accept it (Sec. 3300, R. S. 1929), except those excepted by the Act (Sec. 3303, R. S. 1929).

"The rule that a statute which relates to a class of persons or a class of things is general, while one which only applies to particular persons or things is special, has been generally announced in this and other jurisdictions. [State ex rel. v. Taylor, 224 Mo. l. c. 477, 478 (123 S. W. 892), and cases cited; Elting v. Hickman, 172 Mo. 257 (72 S. W. 700), and cases cited; State ex rel. Dickason v. County Court of Marion County, 128 Mo. 427 (30 S. W. 103, 31 S. W. 23); Lynch v. Murphy, 119 Mo. 163 (24 S. W. 774); State ex rel. Lionberger v. Tolle, 71 Mo. l. c. 650.]

"It is, however, an essential adjunct of this rule that the classification made by the Legislature shall rest on a reasonable basis and not upon a mere arbitrary division made only for purposes of legislation. [State ex rel. v. Roach, 258 Mo. 1. c. 563 (167 S. W. 1008); Hawkins v. Smith, 242 Mo. 1. c. 696 (147 S. W. 1042).]" See, also, State ex inf. v. Southern, 265 Mo. 1. c. 286, 177 S. W. 643; Davis v. Jasper County, 300 S. W. 493. We find no argument in appellant's brief that the classification made by the Legislature in the act is unreasonable or arbitrary. However, such contentions have been made concerning similar acts in other states. In one case as to the exclusion of farm laborers and domestic servants from the scheme of the statute, the Supreme Court of the United States said: "Manifestly, this cannot be judicially declared to be an arbitrary classification, since it reasonably may be considered that the risks inherent in these occupations are exceptionally patent, simple, and familiar." [New York Central Railroad Co. v. White, 243 U. S. 188, 37 S. C. 247, 61 L. Ed. 667.] "That legislation (affecting certain industries or employers) in this form is not class legislation, nor a denial to owners of property of the equal protection of the laws, is well sustained by authority." [28 R. C. L. 748, Sec. 42.] We see no unreasonable nor arbitrary classification in our Workmen's Compensation Act and appellant points out none. We therefore hold that it is not in conflict with Section 53, Article IV, of our Constitution, nor any part thereof.

Appellant's contention that he should have been permitted to introduce evidence as to the merits of the case in the circuit court is settled by Section 44 of the Act and DeMay v. Liberty Foundry  Company, supra. Appellant further contends that he should have been allowed to introduce evidence to show that the award was fraudulently made by the Commission. He makes no contention that the award was procured by any fraud practiced by respondent. His contention is that the Commission held a secret review without notice to him; without allowing him or his counsel to be present; without allowing him to produce witnesses or be heard; made the final award without any finding of facts, and that this was a fraudulent act upon the part of the Commission. As pointed out, the record shows nothing about it. In fact, the record prepared by appellant's attorneys says: "The full Commission made the final award on hearing." The only other reference we find in the record concerning the Commission's order or action is appellant's own statement about it in his motion for a jury trial filed in the circuit court. It is not shown (or even contended) that he asked to introduce further evidence before the Commission, or what, if anything, more than a review of the original evidence he

asked for. The proceedings and evidence before the Workmen's Compensation Commission constitute the record of the circuit court in a compensation proceeding. [Higgins v. Heine Boiler Co., 328 Mo. 493.]

So far as the record shows, there was no irregularity in the proceedings. Irregularity cannot be presumed. The presumption is to the contrary, to-wit: that public officials have properly performed their duties. [22 C. J. 130, secs. 69-72, 10 R. C. L. 880, sec. 27.] There is nothing in the record to even show what order the Workmen's Compensation Commission made, whether or not there was notice, who was present, what facts were found, or what hearing was had. In the absence of any showing that appellant asked to be permitted to produce any further evidence or to be further heard on any phase of the case, we must assume that the Workmen's Compensation Commission acted properly and regularly in making its review.

Furthermore, Section 3341, Revised Statutes 1929, provides that upon application for review, "the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if deemed advisable, as soon as practicable hear the parties at issue, their representatives and witnesses." The plain meaning of this section, undoubtedly, is that it is within the discretion of the Commission to review only the evidence already taken, and make the final award from that, or to hear further evidence. Except for arbitrary or unreasonable action, the exercise of discretionary powers by public officials will not be interfered with. [18 C. J. 1134-1138.] Nor reviewed on appeal (3 C. J. 796); nor by certiorari (11 C. J. 106). It would certainly not be a fraudulent act on the part of the Commission to merely act in a manner which the statute authorizes.

The procedure for hearing and review in Workmen's Compensation cases differs greatly in each State. It has been said that such a Commission has a procedure of its own and borrows nothing from the code or the courts of common law. [Dye & Son v. Nichols (Ind.), 141 N. E. 259; Conners' Case (Me.), 115 Atl. 520.] Under the Pennsylvania Act, it has been held that the Board may examine testimony taken before a referee and substitute its own findings of fact without a hearing de novo or hearing other evidence. [Calderwood v. Lbr. & Supply Co., 91 Pa. Sup. 189.] The •Wisconsin statute provides that evidence in the original hearing may be taken by the Commission, or a member of the Commission may view the premises, without notice to and out of the presence of either party. [Sec. 17, Chap. 102, Wis. Stat. 1929.] Under the Illinois statute, Section 156, Chapter 48, Smith-Hurd, Illinois, Revised Statutes 1929, the Commission is required to review all questions of law or fact which appear from agreed statements of fact or transcripts of the

evidence, and such additional evidence as the parties may submit. In construing this statute, the Illinois court held that the review was neither a review of the record made by the arbitrator nor a trial *de novo*, but a combination of the two; that the arbitrator provided for to take evidence was similar in character to a master in chancery; and that his award, like the report of a master in chancery, became final if not contested, but if it was contested before the Commission the jurisdiction of the Commission to review was original and not appellate, as the action of the circuit court in reviewing or passing upon the master's report and entering a final decree thereon is original jurisdiction. [Pocahontas Mining Co. v. Industrial Commission (Ill.), 134 N. E. 160.] Kiser's Treatise on Workmen's Compensation Act, Corpus Juris, says, page 117, sec. 117: "On review by the board, a new hearing on the facts is not ordinarily a matter of right; but the reception of new evidence is discretionary." We hold, on this record, that the circuit court committed no error in refusing to hear evidence, on the appeal from the Commission's final award, concerning the Commission's action in making its review without notice to appellant.

Appellant also assigns as error that the circuit court affirmed the award of the Commission modifying the award of the referee by allowing the respondent credit for money paid appellant in excess of the Commission's and referee's award. We find that the record shows that the circuit court merely affirmed the final award of the Commission. We assume, from his argument, that appellant means to contend that, the referee having made an award and allowed as a credit thereon the sum of $179.16, the Commission could not, in making the final award on review, allow credit for such additional sums as the appellant had been paid between the date of the referee's award and the Commission's award. Certainly all appellant is entitled to is the payment of the amount awarded him. He does not contend he did not get the money credited on the award and, if he did, he was not prejudiced by the Commission crediting it on the final award. The Commission has power to end, diminish or increase the award. [Secs. 3340-41, R. S. 1929.] We fail to see any merit in this contention.

The judgment of the circuit court is affirmed. *Ferguson* and *Sturgis, CC.*, concur.

PER CURIAM:—The foregoing opinion by Hyde, C., is adopted as the opinion of the court. All of the judges concur.