**Victor RUBEN, Appellant,**

**v.**

**AUTOZONE, INC., Respondent.**

**No. 28037.**

Missouri Court of Appeals,
Southern District,
Division One.

March 12, 2007.

Brett J. Hellmann, Rost & Hellmann, LLP, Jefferson City, for appellant.

John J. Johnson, Jr., Brown & James, P.C., St. Louis, for respondent.

DANIEL E. SCOTT, Judge.

Appellant sought workers' compensation benefits for bilateral carpel tunnel syndrome, and won before the administrative law judge (ALJ). The Labor and Industrial Relations Commission (Commission) believed Respondent's witnesses instead, and reversed the ALJ's award. Appellant appeals, claiming the Commission erred since there was "substantial, competent and credible evidence" that Appellant's condition was work-related.

RSMo § 287.495.1 [1] limits appellate review in workers' compensation cases. We can modify, reverse, remand, or set aside the Commission's award only "upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

---

**1.** Statutory references are to Missouri Revised Statutes (2000).

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award."

*Id.* Appellant's point on appeal claims none of these. It asserts:

> The Commission erred in finding that Appellant did not sustain an occupational disease arising out of and in the course of employment with Respondent because Appellant provided substantial, competent and credible evidence to prove a direct causal connection between his work and his bilateral carpel tunnel syndrome in that the credible testimony of (1) Appellant, (2) his former co-worker and (3) his treating physician proved that he spent a sufficient number of hours keyboarding per day such that causation was met.

This point essentially claims Appellant's evidence made a prima facie case. Even if true, this affords no basis for RSMo § 287.495 relief. Thus, Appellant's point and appeal present no reviewable issue. We have reviewed the record *ex gratia,* and would deny relief in any event. Since competent and substantial evidence supported both parties' positions, credibility was decisive. Appellant does not deny the Commission's cited evidence as much as he claims his witnesses were more credible. But the Commission need not accept the ALJ's credibility assessments or other factual findings, and we review the Commission's award, not the ALJ's decision. *Miller v. Penmac Personnel Services,* 68 S.W.3d 574, 580 (Mo.App.2002).[2] In its award, the Commission explained why it differed with the ALJ on credibility issues and various facts. This indicates the Commission did not callously ignore, capriciously reject, or arbitrarily disregard the ALJ's credibility decisions, but duly considered them in reaching its contrary result. *Smith v. District II A and B,* 59 S.W.3d 558, 564 (Mo.App.2001). Our *ex gratia* review of the record does not show the Commission's award is unsupported by competent and substantial evidence nor against the overwhelming weight of the evidence.

We affirm the Commission's award.

RAHMEYER, P.J., and PARRISH, J., Concur.

---

**2.** We cite cases herein that were among many overruled, on an unrelated issue, by *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 224–32 (Mo. banc 2003). Such cases do not otherwise conflict with *Hampton* and are cited for legal principles unaffected thereby; thus we will not further note *Hampton's* effect thereon.