**Sharon SNYDER, Appellant,**

v.

**CONSOLIDATED LIBRARY DISTRICT NO. 3 and Guarantee Insurance Company, Respondent.**

**No. WD 70641.**

Missouri Court of Appeals,
Western District.

Feb. 9, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 2010.

---

Patrick B. Starke, Esq., Blue Springs, MO, for appellant.

Thomas V. Clinkenbeard, Esq., for respondent

BEFORE DIVISION ONE: LISA WHITE HARDWICK, Presiding Judge, JAMES M. SMART JR. and ALOK AHUJA, Judges.

LISA WHITE HARDWICK, Judge.

Sharon Snyder appeals the denial of her workers compensation claim by the Labor and Industrial Relations Commission. Ms. Snyder contends the Commission exceeded its authority in reversing a benefit award granted by the Administrative Law Judge

(ALJ) because the Commission did not hear additional evidence and substituted its own credibility determinations for those of the ALJ. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

On January 17, 2006, Ms. Snyder visited her primary care physician, Dr. Ghazal Shaikh, complaining of numbness in her left arm during the previous two weeks. She told Dr. Shaikh that she had been lifting furniture in the past two weeks but had not experienced any recent trauma. During the months prior to visiting the physician, Ms. Snyder had been renovating her Civil War era home for the filming of a cable television program. The renovation included furnishing her home with Civil War era furniture.

In March 2006, an MRI revealed that Ms. Snyder had a degenerative cervical condition. Notes from the MRI appointment indicated "The patient has no history of recent injury." Ms. Snyder was further evaluated on April 6, 2006, at the K.C. Pain Center, where she stated that her arm and neck pain had developed over the previous three months and again denied that any recent trauma had caused her injuries. She received cervical steroid injections at the K.C. Pain Center and was scheduled for surgery on her cervical spine.

On or about Friday, April 21, 2006, Ms. Snyder received a letter from her private health insurer inquiring whether the injuries for which she was being treated were work-related. Ms. Snyder had been employed for thirteen years at the Mid–Continent Library ("Employer"), where she was currently working as a library assistant. That same day, Ms. Snyder informed her Employer for the first time that she had been injured at work on January 9, 2006, when she was lifting box-es of books and felt a gradually increasing pain in her left arm. She told the Employer that she wanted to take the weekend to think about filing a workers compensation claim. On the following Tuesday, she filed a workers compensation claim alleging that she had injured her arm on January 9, 2006, while moving boxes at work.

Ms. Snyder underwent a C6–7 anterior cervical diskectomy and fusion on June 6, 2006. After the surgery, she initially reported improvement but within months the pain returned in her neck, back, and arm. She also began to experience vocal, hearing, and vision problems, as well as chronic dizziness, facial numbness, loss of appetite, and insomnia. Further medical testing indicated that additional cervical surgery might be necessary.

Ms. Snyder resigned her employment on May 2, 2007, and has remained unemployed. Despite numerous tests by a variety of specialists, physicians have been unable to determine a unifying diagnosis for all of her symptoms.

After a hardship hearing on the workers compensation claim, the ALJ awarded Ms. Snyder temporary total disability benefits and past and future medical expenses. The Employer sought review from the Commission, which reversed the ALJs award of benefits and expenses. The Commission found that Ms. Snyder lacked credibility because she gave inconsistent testimony regarding the cause and onset date of her injuries. Due to the inconsistencies, the Commission concluded that Ms. Snyder failed to meet her burden of proving that she suffered a compensable injury. The Commission issued a Final Award Denying Compensation. Ms. Snyder appeals from the Final Award.

### STANDARD OF REVIEW

In cases where the Commission reverses the decision of the ALJ, this

court reviews the final award of the Commission and not the decision of the ALJ. *Ruben v. Autozone, Inc.*, 217 S.W.3d 322, 323 (Mo.App.2007). We will not disturb the final award on appeal unless the Commission acted without or beyond its power, the award was procured by fraud, the facts do not support the award, or the award is not supported by sufficient competent evidence. § 287.495.1.[1] "The Commission's interpretation and application of the law ... are not binding on this court and fall within our realm of independent review and correction." *Bowers v. Hiland Dairy Co.*, 132 S.W.3d 260, 263 (Mo.App.2004).

### ANALYSIS

Ms. Snyder contends the Commission exceeded its statutory authority in reversing the ALJs benefit award because the Commission made new credibility determinations without holding its own evidentiary hearing. She argues the Commission failed to comply with Section 287.480.1, which provides:

> If an application for review is made to the commission within twenty days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if considered advisable, as soon as practicable hear the parties at issue, their representatives and witnesses and shall make an award....

Ms. Snyder argues this provision only authorizes the Commission to either "review the evidence" before it *or* issue a new award after an additional evidentiary hearing before the Commission. She does not contend that the Commissions final award is unsupported by competent and substantial evidence; rather, her sole point on appeal challenges the Commissions authority to make new credibility findings without hearing evidence.

As an administrative agency, the Commission can take action only as authorized by statute. *Farmer v. Barlow Truck Lines, Inc.*, 979 S.W.2d 169, 170 (Mo. banc 1998). The extent of this authority must be discerned from the statutory language. "The primary rule of statutory interpretation is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *In re Boland*, 155 S.W.3d 65, 67 (Mo. banc 2005). "The courts are without authority to read into a statute a legislative intent which is contrary to the intent made evident by giving the language employed in the statute its plain and ordinary meaning." *Habjan v. Earnest*, 2 S.W.3d 875, 881 (Mo.App.1999).

In explaining her interpretation of Section 287.480, Ms. Snyder argues by analogy that the ALJ functions like a trial court judge as factfinder while the Commission's role is similar to that of the appellate court, which must defer to the trial court's factual determinations supported by the record. She asserts that the phrase "review the evidence," as used in Section 287.480.1, is defined and limited by the text of Section 287.610.6, which provides that the Commission "may" remand a case to the ALJ for further factual findings. Read together, Ms. Snyder contends the two statutory provisions only allow the Commission to approve an award issued by an ALJ, remand the case to an ALJ for further factual findings, or issue its own award after an additional evidentiary hearing. She also argues that these provisions must be "strictly construed" as required by the 2005 amendment to Section 287.800.

---

1. All statutory references are to Revised Statutes of Missouri 2000, as updated by the 2009 Cumulative Supplement, unless otherwise indicated.

In light of this amendment, Ms. Snyder contends the Commission no longer has authority to overturn the ALJs findings without holding a new evidentiary hearing because such authority is liberally and impermissibly "judicially inferred" from Section 287.480.1.

■ We disagree that the recent amendment to Section 287.800 has altered the meaning of Section 287.480.1. Long ago our Supreme Court examined Section 3341 (1929) of the Workers' Compensation Act, which contained the very same language of Section 287.480.1, and held that "[t]he plain meaning of this section, undoubtedly, is that it is within the discretion of the commission to review only the evidence already taken, *and make the final award from that*, or to hear further evidence." *Waterman v. Chicago Bridge & Iron Works*, 328 Mo. 688, 41 S.W.2d 575, 578 (1931) (emphasis added). Strict construction of a statute requires that the scope of the statute not be extended beyond its literal meaning and that the statute not be unreasonably interpreted. *Board v. Eurostyle, Inc.*, 998 S.W.2d 810, 814 (Mo.App.1999). The literal and plain meaning of Section 287.480.1, as explained in *Waterman*, remains the same regardless of whether liberal or strict construction principles are applied.

■ The plain language of Section 287.480.1 does not require the Commission to hold an additional evidentiary hearing before it reverses the findings or award of an ALJ. The statute provides that the Commission "shall review the evidence, *or, if considered advisable*, as soon as practicable hear the parties at issue and shall make an award." § 287.480.1 (emphasis added). Given its plain and ordinary meaning, the statute gives the Commission discretion to review the evidence heard by the ALJ or conduct its own hearing prior to issuing a final award. This discretion is in no way limited by the language of Section 287.610.6, which actually gives the Commission an alternative option of remanding a case to the ALJ for further factfinding. Because the plain language of the Workers' Compensation Act does not support Ms. Snyder's proffered interpretation, even a strict construction of the applicable statutes cannot aide her claim.

■ Prior cases have recognized that the Commission can make credibility determinations based on the record and need not accept the ALJ's assessment of the facts and witnesses. *Ruben*, 217 S.W.3d at 323; *Heiskell v. Golden City Foundry, Inc.*, 260 S.W.3d 443, 452 (Mo.App.2008). Here, the Commission gave a detailed explanation of why it did not find Ms. Snyder's testimony credible and why it differed with the ALJ on the findings of fact. This indicates the Commission did not arbitrarily disregard the ALJ's credibility assessments and, in fact, duly considered them in reaching a contrary result. As permitted by Section 287.480.1, the Commission properly exercised its discretion in concluding that it was not necessary or "advisable" to conduct an additional hearing. The Commission acted within its statutory authority by rendering a final award based on the existing record. The point on appeal is denied.

## CONCLUSION

We affirm the Commission's Final Award.

All Concur.