**David JOHNSON, Appellant,**

v.

**LAND AIR EXPRESS, INC., Franklin Trucking Co., and Treasurer of the State of Missouri—Custodian of the Second Injury Fund, Respondents.**

**No. WD 74821.**

Missouri Court of Appeals, Western District.

Dec. 26, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 29, 2013.

Keith V. Yarwood, Kansas City, MO, for Appellant.

Jeffrey D. Slattery, Prairie Village, KS, for respondents Land Air Express, Franklin Trucking; Benita M. Seliga, Kansas City, MO, for Respondent Treasurer, State of Mo., Custodian of S.I.F.

Division One: JAMES M. SMART, JR., P.J., LISA WHITE HARDWICK and GARY D. WITT, JJ.

JAMES M. SMART, JR., Judge.

David Johnson appeals the final award of the Missouri Labor and Industrial Relations Commission denying his workers' compensation claim. Mr. Johnson contends that the Commission did not have the statutory authority to issue a final award, and even if it did, the award did not dispose of all of the issues between the parties. We affirm.

### Statement of Facts

David Johnson began work as a full-time dock worker at Land Air Express, Inc., in August of 2005. He operated a forklift and physically moved deliveries, requiring him to sometimes lift up to 100 pounds. On December 1, 2008, Mr. Johnson was in the process of moving a pallet when he felt a sudden strain in his lower back. He reported the incident to his supervisor, George Schneller, who asked him to complete an injury report. Mr. Schneller offered to send Mr. Johnson to a doctor for evaluation; however, Mr. Johnson stated that he believed that he had simply aggravated an old injury. Mr. Johnson had a series of back strains in the 1990s while working for various employers. He accepted a total of $10,000 in workers' compensation settlements for the back strains even though he had never filed any claims for the injuries. Mr. Johnson had two surgeries for those injuries, including the fusion of the L4–L5 vertebrae in 1999 and 2000.

On January 1, 2009, Land Air Express sold its operation to Franklin Trucking Company. Counsel for both Land Air Express and Franklin Trucking acknowledged that the two companies have common ownership and are both covered by the same workers' compensation insurer. Mr. Johnson continued to perform his job, but his back pain continued. He purchased a back brace to wear under his clothing to provide him added support when he lifted heavy objects, and he began missing work due to his injured back.

On June 11, 2009, seven months after the December 1st injury, Mr. Johnson sought treatment for his back with his primary care provider, Carol Thomas, a nurse practitioner. Ms. Thomas eventually referred him for an MRI. The MRI revealed a large disc herniation at the L5–S1 level, which is one level below Mr. Johnson's previous back injury. Ms. Thomas referred him to Dr. Jason Montone, an orthopedic spine surgeon, in September of 2009.

At the September appointment with Dr. Montone, Mr. Johnson reported a progressively worsening back pain over the previous six to eight months. Dr. Montone offered epidural injections but Mr. Johnson declined them because they had been unsuccessful in relieving back pain before

his surgeries at the L4–L5 level in 1999 and 2000. Dr. Montone performed a dissection at the L5–S1 level. He informed Mr. Johnson after the surgery that he believed Mr. Johnson had suffered a new work-related injury. Mr. Johnson's last day of work was September 16, 2009. He has been unable to return to work since that time.

Mr. Johnson filed two separate claims for workers' compensation in November of 2009. The first was for the specific injury of his back on December 1, 2008, and the second was for an occupational disease occurring on December 1, 2008, and every day he worked before and after that time. Both employers, Land Air Express and Franklin Trucking Company, and their insurer, Great West Casualty Company, denied *all* liability and provided no treatment for either of Mr. Johnson's claims. ·Mr. Johnson did not list any specific issues to be resolved by the hearing. He disclosed the dates of the injuries as "12–01–08 and 12–01–08 (series)," on the request for a hardship hearing. An Administrative Law Judge ("ALJ") for the Division of Workmens' Compensation ("Division") held a hearing on both claims on September 15, 2010 and September 27, 2010,[1] and issued two separate awards on December 20, 2010. The ALJ found that Mr. Johnson suffered a work-related injury on December 1, 2008, but *did not* suffer from an occupational disease. The ALJ issued a final award in favor of Franklin Trucking finding no compensability for the occupational disease claim, but found that Land Air Express and its insurer were liable to Mr. Johnson for the costs of medical treatment and temporary total disability benefits in the amount of $356.79 per week,

from September 17, 2009, and continuing until such time as the Claimant is able to compete for employment in the open labor market.

Land Air Express provided the benefits to Mr. Johnson, as required by the ruling, in the form of medical treatment and temporary total disability benefits, but appealed the ALJ's decision to the Commission.[2] On December 28, 2011, the Commission overturned the ALJ's decision for Mr. Johnson's December 1, 2008 injury and issued a final award denying *all* compensation and medical treatment liability to Mr. Johnson. The Commission found, in a two-to-one decision, that the work incident on December 1, 2008, was *not* the prevailing factor in causing Mr. Johnson's herniated disc and lower-back condition. Mr. Johnson appeals the Commission's reversal.

### *Standard of Review*

In cases where the Commission reverses the decision of the ALJ, this court reviews the final award of the Commission and not the decision of the ALJ. *Ruben v. Autozone, Inc.*, 217 S.W.3d 322, 323 (Mo.App. 2007). The Missouri Constitution, article V, section 18 provides for judicial review of the Commission's award to determine whether the award is "supported by competent and substantial evidence upon the whole record." This court must affirm the Commission's decision unless it is not authorized by law or supported by competent and substantial evidence on the whole record. MO. CONST. art. V, sec. 18. Such questions of law are reviewed *de novo*. *Pierce v. BSC, Inc.*, 207 S.W.3d 619, 621 (Mo. banc 2006).

---

1. The Missouri Second Injury Fund was not a party to the hearings.

2. Mr. Johnson *did not* appeal the denial of his claim for occupational disease, nor did he express any complaint about the award of temporary total disability benefits against Land Air Express.

Section 287.495.1[3] of the Missouri statutes further indicates that a "court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award."

The constitutional standard ("supported by competent and substantial evidence upon the whole record") is in harmony with the statutory standard ("sufficient competent evidence in the record"). *See Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222 (Mo. banc 2003).

"The Commission's interpretation and application of the law ... are not binding on this court and fall within our realm of independent review and correction." *Bowers v. Hiland Dairy Co.*, 132 S.W.3d 260, 263 (Mo.App.2004); *see also Taylor v. Ballard R–II School Dist.*, 274 S.W.3d 629, 632 (Mo.App.2009).

### Analysis

Neither party has challenged whether the Commission's ruling in this case is supported by substantial and competent evidence on the record as a whole. The only questions before this court are: 1) whether the Commission has the authority to render a final order on appeal from an ALJ's issuance of a temporary award, and 2) if the Commission did have such authority, whether the Commission's final award denying Mr. Johnson's claims for additional medical treatment and temporary total disability benefits was in fact a final award, due to purported outstanding issues regarding medical costs between the employer and employee.

### I. The Commission had the authority to enter a final award.

While Mr. Johnson argues that section 287.510 controls his *entire* claim and appeal, he fails to convince. Mr. Johnson alleges that the July 8, 2010 request for a hardship hearing was filed pursuant to section 287.510. However, that statute does not grant the Division the authority to conduct a hearing when the employer and employee cannot agree on compensation payable under Chapter 287. A claimant filling out a "Request for Hearing—Hardship or § 287.203 Hardship Hearing" may either check the section 287.203 box—indicating the employer was previously paying the employee benefits and then terminated such compensation, which the employee disputes—or the claimant may check the box designated "Other." Mr. Johnson's request for a hardship hearing, for which he selected the type of hearing as "Other," was brought pursuant to section 287.450. Section 287.450 states, "If the employer and employee ... do not agree in regard to compensation payable under this chapter, either party may make application for a hearing in regard to the matters at issue and for ruling thereon.... The fourteen-day waiting period is not applicable to applications for *hardship hearings*." (Emphasis added.) Section 287.510 states, "[i]n any case a temporary or partial award of compensation may be made ... the same may be kept open until a final award can be made[.]" There is no mention in section 287.510 of employer/employee disagreements over compensation,

---

**3.** All statutory references are to the Revised Statutes of Missouri (RSMo) 2000, as updated by the 2008 cumulative supplement, unless stated otherwise.

or applying with the Division for any kind of hearing, hardship or otherwise, and we cannot read section 287.510 as granting that authority to the Division.

Because Mr. Johnson's claim is not solely governed by section 287.510, as he contends, we instead examine the entirety of Chapter 287, including portions of section 287.510, to determine whether the Commission had the authority to enter a final judgment on Land Air Express's appeal. *See Motor Control Specialities, Inc. v. Labor & Indus. Relations Comm'n,* 323 S.W.3d 843, 850 (Mo.App.2010) ("In discerning the legislature's intent, 'we consider the statute in the context of the entire statutory scheme on the same subject' to avoid unjust, unreasonable, or absurd results.").

■ Johnson argues that we must apply a strict construction in interpreting section 287.510 in light of section 287.800. Even if a strict construction is to be applied, a strict construction does not support Johnson's contention that section 287.510 does not allow the Commission to issue a final award from evidence presented at a hardship hearing. Section 287.510 specifically states, "[i]n any case a temporary or partial award of compensation may be made ... the same *may* be kept open *until a final award* can be made[.]" (Emphasis added.) Nothing in the language of section 287.510 indicates that the Commission does not have the authority to issue a final award after an appeal from a temporary award by an ALJ, or that another hearing, after the hardship hearing, is required to enter a final award. In fact, the opposite is true. The statute anticipates the entry of a final award at some time that will either usurp or incorporate the initial temporary or partial award.

This court found in *Snyder v. Consolidated Library District No. 3,* 306 S.W.3d 133 (Mo.App.2010), that a final award may

be issued by the Commission without any further evidence or hearings after an ALJ's initial award of temporary total disability benefits and past and future medical expenses. We find *Snyder* controlling here.

In *Snyder,* the claimant filed a workers' compensation claim alleging that she suffered an injury to her arm while moving boxes at work. *Id.* at 135. After a hardship hearing, the ALJ awarded Ms. Snyder temporary total disability benefits and past and future medical expenses. *Id.* The employer, *who denied all liability,* challenged the decision of the ALJ and sought review from the Commission. *Id.* The Commission concluded that Ms. Snyder failed to meet her burden of proving she suffered a compensable injury due to inconsistencies in her testimony, and issued a final award denying compensation. *Id.* Ms. Snyder appealed the final award of the Commission contending that the Commission exceeded its statutory authority under section 287.480.1, because the Commission made new credibility determinations without holding its own evidentiary hearing. *Id.* at 136.

The *Snyder* court acknowledged from the outset that the Commission may take action *only* as authorized by statute. *Id.* (citing *Farmer v. Barlow Truck Lines, Inc.,* 979 S.W.2d 169, 170 (Mo. banc 1998)). With that principle in mind, the court examined the language of section 287.480.1, finding that section 287.800, which requires "strictly constru[ing]" Chapter 287, did not alter the meaning of section 287.480.1 as defined by the Missouri Supreme Court in *Waterman v. Chicago Bridge & Iron Works,* 328 Mo. 688, 41 S.W.2d 575, 578 (1931). *Id.* at 136–37.

Section 287.480.1 provides that "[i]f an application for review is made to the commission ..., the full commission, if the

first hearing was not held before the full commission, shall review the evidence, *or, if considered advisable,* as soon as practicable hear the parties at issue, their representatives and witnesses and *shall* make an award[.]" (Emphasis added.) In *Waterman,* the Missouri Supreme Court examined a section of the 1929 Workers' Compensation Act with identical language to section 287.480.1 and held that "[t]he plain meaning of this section, undoubtedly, is that it is within the discretion of the commission to review only the evidence already taken, *and make the final award from that,* or to hear further evidence." *Snyder,* 306 S.W.3d at 137 (quoting *Waterman,* 41 S.W.2d at 578). Relying on the *Waterman* interpretation, the *Snyder* court concluded that "[t]he plain language of [s]ection 287.480.1 does not require the Commission to hold an additional evidentiary hearing before it reverses the findings or award of an ALJ." *Id.* This is consistent with the fact that, given its plain and ordinary meaning, section 287.480.1 gives the Commission the discretion to review the evidence heard by the ALJ *or* to conduct its own hearing prior to issuing a *final award,* regardless of whether the ALJ entered a temporary award or issued an award after a hardship hearing. *Id.*

Here, the Commission entered a final award after reviewing the evidence and whole record presented at the hardship hearing conducted by the ALJ. The Commission also considered the oral arguments of the parties. The Commission had the ability to conduct its own hearing, and also to instead remand it to the ALJ for fur-ther findings pursuant to section 287.610.6. The Commission chose not to do either. Where the Commission reverses the decision of the ALJ, as it did here, we review only the final award of the Commission and *not* the decision of the ALJ. *Ruben,* 217 S.W.3d at 323. We will not disturb that final award on appeal unless the Commission acted without or beyond its power. § 287.495.1. The Commission did not do so here.

This interpretation of section 287.510 and Chapter 287 is consistent with rules promulgated by the Commission pursuant to section 286.060.1(8).[4] In 8 C.S.R. 20–3.040, the Commission outlined the procedures for review of temporary or partial awards:

(1) Whenever an administrative law judge issues a temporary or partial award under section 287.510, RSMo, the same shall not be considered to be a final award from which an application for review (see 8 CSR 20–3.030) may be made. The time for making an application for review shall not commence until a final award is issued by the administrative law judge in cases where a temporary or partial award has been issued.

(2) Any party who feels aggrieved by the issuance of a temporary or partial award by any administrative law judge *may petition the commission to review the evidence upon the ground that the applicant is not liable for the payment of any compensation* and especially setting forth the grounds for the basis of that contention and where the evidence

---

4. Section 286.060.1(8) states:

It shall be the duty of the . . . commission, and it shall have the power, jurisdiction and authority: . . . .

To adopt all regulations necessary to the efficient internal management of the department, not inconsistent with any provisions of law, and such regulations shall become effective immediately upon adoption, unless the commission shall otherwise order; to adopt regulations governing its proceedings in connection with the exercise of its quasi-judicial functions, and such regulations shall become effective ten days after copies thereof are filed in the office of the secretary of state[.]

fails to support findings of the administrative law judge as to liability for the payment of compensation. The commission will not consider applications or petitions for the review of temporary or partial awards where the only contention is as to the extent or duration of the disability of the employee for the reason that the administrative law judge has not made a final award and determination of the extent or duration of disability.

(Emphasis added.) The Commission will *not* review an ALJ's issuance of a temporary or partial award *unless* the employer has denied *all* liability for the payment of any compensation to the injured employee and asks for review as to whether the evidence supports a determination that there is liability under the Act. This is consistent with existing case law. Missouri courts recognize two exceptions to the general rule that an award's designation as "temporary or partial" is not appealable: 1) "where an award designated 'temporary and partial' is not entered pursuant to section 287.510 but is an award of permanent total disability pursuant to section 287.200.2," and 2) *"when the appellant contends that the claimant is not entitled to any award at all." Forkum v. Arvin Indus.*, 956 S.W.2d 359, 362–63 (Mo.App. 1997) (emphasis added); *see also Motor Control Specialities, Inc.*, 323 S.W.3d at 848; *Petelik v. Motor Control Specialists*, 190 S.W.3d 517, 519–20 (Mo.App.2006). The latter exception is applicable here.

There is no dispute that Land Air Express denied all liability for Mr. Johnson's injury. The Commission, therefore, had statutory authority to review Land Air Express's appeal, even though the ALJ issued a temporary award in Mr. Johnson's favor. Moreover, the Commission, consistent with *Snyder*, had the statutory authority to issue a final award after review of the ALJ's determination in the hardship hearing.

This interpretation makes sense in this context. In this case, the ALJ and parties agreed to address directly the issues of whether the accident arose out of and in the course of employment, whether the accident was the prevailing factor in causing the conditions complained of, and whether the employer was liable for disability payments and/or medical treatments. The ALJ found that Franklin Trucking Co. (the successor company) was not liable to the Claimant, Mr. Johnson. The ALJ's ruling on that issue was a final award appealable to the Commission; no one has disagreed with that. The ALJ also issued an award of temporary total disability benefits and medical expenses in favor of Mr. Johnson with respect to Land Air Express. No one disputes that if the ALJ had believed as a result of the evidence presented at the hardship hearing that Land Air Express had no liability to Mr. Johnson, the ALJ most certainly would have denied liability benefits to Mr. Johnson and entered a *final award* to that effect, subject to an appeal to the Commission. The Commission here entered a final award denying Mr. Johnson's claim, which is what the ALJ was empowered to do at the Division level. The fact that there was an initial award in favor of the Claimant by the ALJ under section 287.510 does not change that fact.

Mr. Johnson cites *Bock v. Broadway Ford Truck Sales, Inc.*, 169 S.W.3d 143, 147 (Mo.App.2005), for the proposition that the Commission lacked authority to enter a final award. *Bock* is distinguishable. In *Bock*, the temporary award of benefits entered by the ALJ was modified by the Commission on appeal and changed to an entry of permanent partial disability ("PPD") benefits. *Id.* The court found that the Commission exceeded the scope of

its authority when it entered a final award, because the review of the ALJ's award did not fall under one of the two recognized exceptions to the rule that a non-final award of the Commission is not appealable. *Id.* at 148. The second exception, which applies in Mr. Johnson's case, *see supra,* "allows for judicial review of a Commission's temporary award when the issue is *whether the employer is liable for paying any compensation.*" *Id.* (emphasis added). The *Bock* court concluded that "this exception d[id] *not* render appealable the Commission's ... non-final award because Employer/Insurer's appeal was [originally] dismissed as untimely [by this court] and ... [that] decision was *not* clearly limited solely to *liability issues.*" *Id.* (emphasis added). Having determined that the ALJ's award was not final, but temporary, the court concluded that the Commission had statutory authority on appeal to address only the "issue of liability." *Id.* at 149. However, the Commission's award was *not* limited to the issue of liability and did not explicitly note it was limited to liability issues. *Id.* Therefore, the court found that it lacked authority to address the merits of the original award, which was not appealable. The court vacated its previous decision, except to the extent that it dismissed as untimely Employer/Insurer's appeal. *Id.* at 148–49.

Here, Land Air Express consistently denied all liability for Mr. Johnson's injury, and the parties had a chance to litigate the issues of liability at the hardship hearing. Each party presented extensive evidence to support their positions concerning the identity of the applicable employer and whether the work for that employer was the prevailing factor in causing the alleged accident resulting in injury. The ALJ heard the matter to consider: "1) whether employee sustained an injury by accident arising out of and in the course of his employment; 2) whether the alleged inci-

dent was the prevailing factor in causing the conditions employee is complaining of; 3) whether Land Air Express, Inc. (employer) is liable for additional medical treatment; and 4) whether employee is liable to employer for its expenses." On review, the Commission specifically stated that the primary issue on appeal was "medical causation." The medical causation issue determines whether the incident was the prevailing factor in causing the employee's injuries and, ultimately, whether Land Air Express is liable to Mr. Johnson. Because the focus of the appeal to the Commission was purely on issues of Land Air Express's liability, *Bock* is not applicable here.

## II. The finality of the award issued by the Commission does not hinge on the allegedly disputed medical payments, which are governed by section 287.140.

■ In his second point, Mr. Johnson contends that the Commission erred in issuing a final award because the award did not dispose of all of the issues between parties in that there was no determination as to whether the claimant or the employer/insurer was responsible for payment for the medical services provided pursuant to the ALJ's temporary award. Mr. Johnson claims that the issue of who is responsible for paying the related already-incurred medical expenses prevents the Commission from issuing a final award. We disagree.

Chapter 287 and regulations promulgated by the Division pursuant to section 287.140 establish procedures which a medical provider must follow in order to pursue payment of the medical charges at issue in a workers' compensation case, regardless of whether the medical provider has a dispute with the employer/insurer or the employee. The statute and regulations anticipate the scenario at issue here: a final

award may be issued by the Commission, yet medical providers (who provided care to a claimant on the assumption that the treatment would be paid by the workers' compensation insurer) might still be owed money for the services provided to a claimant. Section 287.140, which governs such medical fee disputes, states in relevant part:

4. The division shall, by regulation, establish methods to resolve disputes concerning the reasonableness of medical charges, services, or aids. *This regulation shall govern resolution of disputes between employers and medical providers over fees charged, whether or not paid, and shall be in lieu of any other administrative procedure under this chapter. The employee shall not be a party to a dispute over medical charges,* nor shall the employee's recovery in any way be jeopardized because of such dispute.

. . . .

13. (3) *When an injury is found to be noncompensable under this chapter, the hospital, physician or other health care provider shall be entitled to pursue the employee for any unpaid portion of the fee or other charges for authorized services provided to the employee.* Any applicable *statute of limitations for an action for such fees or other charges shall be tolled* from the time notice is given to the division by a hospital, physician or other health care provider pursuant to subdivision (6) of this subsection, until a determination of noncompensability in regard to the injury which is the basis of such services is made, or in the event there is an appeal to the labor and industrial relations commission, *until a decision is rendered by that commission.*

(4) If a hospital, physician or other health care provider or a debt collector on behalf of such hospital, physician or other health care provider *pursues any action to collect from an employee* after such notice is properly given, the employee shall have a cause of action against the hospital, physician or other health care provider for actual damages sustained plus up to one thousand dollars in additional damages, costs and reasonable attorney's fees.

(5) If an employer or insurer fails to make payment for authorized services provided to the employee by a hospital, physician or other health care provider pursuant to this chapter, *the hospital, physician or other health care provider may proceed pursuant to subsection 4 of this section with a dispute against the employer or insurer for any fees or other charges for services provided.*

(6) A hospital, physician or other health care provider whose services have been authorized in advance by the employer or insurer may give notice to the division of any claim for fees or other charges for services provided for a work-related injury that is covered by this chapter, with copies of the notice to the employee, employer and the employer's insurer. Where such notice has been filed, the administrative law judge may order direct payment from the proceeds of any settlement or award to the hospital, physician or other health care provider for such fees as are determined by the division. The notice shall be on a form prescribed by the division.

(Emphasis added.)

The applicable procedures that a medical provider must follow are established by the Division pursuant to section 287.140.4, and also set forth in 8 C.S.R. 50–2.030 (2010), entitled "Resolution of Medical Fee Disputes." The purpose of 8 C.S.R. 50–2.030 is stated as follows: "This rule sets forth the Division of Workers' Compensa-

tion administrative procedures available to employers, insurance carriers and health care providers to resolve disputes concerning charges for health care services, in accordance with section 287.140, RSMo."

8 C.S.R. 50–2.030(2)(H) states:

The health care provider is barred from pursuing the employee for any work-related costs incurred in pursuing the medical fee dispute and any reduction in payment of a medical charge. *This rule is not intended to prohibit the provider from pursuing the responsible party for payment of fees for medical treatment that is found by award or settlement not to be compensable.*

(Emphasis added.) Regardless of whether the employer/insurer has authorized treatment of the claimant in the interim between the ALJ's decision and the Commission's final award,[5] the regulations anticipate that medical providers may pursue either the employer/insurer or employee for fees for *"medical treatment that is found by award or settlement not to be compensable."*

Section 287.140.4 also anticipates that separate claims, apart from the underlying workers' compensation case, might be filed by medical providers pursuing or disputing fees. The regulations promulgated under 8 C.S.R. 50–2.030 regarding disputes over paid or unpaid medical bills are *"in lieu of any other administrative procedure"* under Chapter 287, and specifically exclude the *employee* as a party over disputes between medical providers and employ-

er/insurers over fees. § 287.140.4. By excluding the employee, the construction of section 287.140.4 anticipates an entirely separate claim distinct from the underlying workers' compensation claim initially filed by the employee—irrespective of whether the underlying claim is a final or temporary award. Furthermore, Missouri courts have held that under the applicable regulations, the medical provider may file a claim with the Division against the employer alleging non-payment for medical treatment even after a final award or settlement. *See, e.g., Cox Health Sys. v. Div. of Workers' Comp.*, 190 S.W.3d 623, 629–30 (Mo.App.2006) (finding the Division had a statutory duty to permit the filing of the medical fee dispute applications by the medical provider under section 287.140.4 regardless of whether the underlying workers' compensation case was open or closed).

Section 287.140.13(3) also addresses the situation with which Mr. Johnson is concerned here: an award was found to be noncompensable and the employee anticipates that he or she will be pursued for payment. "When an injury is found to be *noncompensable* ... the hospital, physician or other health care provider *shall be entitled to pursue the employee* for any unpaid portion of the fee or other charges for authorized services provided to the employee." § 287.140.13(3) (emphasis added). "In [section 287.140.13(3) ], the word 'noncompensable,' in referring to the possibility that the employer would provide medi-

---

**5.** Land Air Express, through insurer, Great West, complied with the ALJ's order and directive related to medical treatment and weekly benefits as stated in the temporary award. If Land Air had failed to provide the treatment and the Commission had issued an award affirming the ALJ's temporary award, its liability would have doubled for the unpaid portions of the awarded compensation. § 287.510. Mr. Johnson equates the making of ordered payments as establishing that Land Air Express and Great West authorized the treatment. We cannot discern from the record that Land Air Express and Great West actually authorized Mr. Johnson's treatment; they were ordered to provide it. After the ALJ entered his award, they continued to deny liability for the ordered medical treatment by seeking the Commission's review of the award.

cal services to an injured employee only to find out later that the injury was 'noncompensable' (*i.e.*, presumably meaning [that the injury was determined not to] arise out of and in the course of the employment), the *employee may be pursued personally* by the health care provider for the *cost of the treatment provided."* *Miller v. U.S. Airways Group, Inc.*, 316 S.W.3d 462, 472 n. 9 (Mo.App.2010) (emphasis added). Once again, the statute allows the medical service provider to pursue the employee for the cost of the treatment provided in a *separate* claim with the Division or through other forms of litigation.[6]

Mr. Johnson contends that if we do find the award final, he is responsible only for that portion of the charges that Land Air Express and Great West did not pay *initially*, and that this, in turn, negates the finality of the award. Section 287.140.13(3) specifically states that the employee may be responsible to the medical provider for "any unpaid portion of the fee or other charges for authorized services provided to the employee." Mr. Johnson's argument assumes two things: 1) that Land Air Express and Great West did in fact authorize treatment, and 2) that the portions of the medical charges already paid by Land Air Express and Great West are not considered "other charges." Those issues may be addressed in a separate proceeding (if necessary) and need not further detain this appeal. Because Johnson raises issues that were not explicitly presented to the Commission and that were not necessarily implicitly before the Commission, and because these issues involve parties who are not participants in this current proceeding (and are not indispensable to this proceeding), we need not remand this matter to address additional issues.

We understand the difficult position in which Mr. Johnson finds himself and his concern that the final award does not resolve all possible issues related to services of the medical providers that remain uncompensated due to the Commission's determination denying his workers' compensation claims. However, we simply find no clear legal basis by which to say the determination is not a final award.

### Conclusion

For the foregoing reasons, the final award of the Commission is affirmed.

ALL CONCUR.

---

6. In some cases, it may be appropriate for a conventional medical insurer (such as an employer-provided health insurer) to be joined as an additional defendant or as a third-party defendant on the theory that the conventional medical insurer is liable for part or all of the expenses and has refused to pay the provider.